## NEELY–HARRIS–CUNNINGHAM CO. v. LACY BROS. & JONES.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 21, 1912.)

1. PLEADING (§ 228*)—SPECIAL EXCEPTION.

Where the petition ·of a mortgagee intervening in a suit to foreclose a chattel mortgage alleged that its mortgage was duly filed for registration, but did not disclose that a copy, and not the original, had been filed, the point that its registration did not affect plaintiff with notice was not properly raised by special exception.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. CHATTEL MORTGAGES ·(§ 60*) — REGISTRATION—MORTGAGE NOT WITNESSED.

The fact that a chattel mortgage was witnessed by two of the beneficiary parties would not invalidate its registration, since, under the

statute, a chattel mortgage is entitled to registration, though not witnessed at all.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 115; Dec. Dig. § 60.*]

3. CHATTEL MORTGAGES (§§ 152, 194*)—PRIORITIES—FAILURE TO REGISTER—EFFECT IN GENERAL.

An unrecorded chattel mortgage is absolutely void as to creditors, but not as to subsequent purchasers, lienholders, and mortgagees, unless they have become such in good faith.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 254, 266, 426, 427; Dec. Dig. §§ 152, 194.*]

4. CHATTEL MORTGAGES (§ 142*)—PRIORITIES—PURCHASER IN GOOD FAITH.

As between chattel mortgages, the prior one is superior, in the absence of allegation and proof that the subsequent mortgagee took in good faith, which can only be shown by proof of payment of valuable consideration and want of notice of the prior mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228, 229, 239; Dec. Dig. § 142.*]

5. APPEAL AND ERROR (§ 934*)—PRESUMPTIONS—FINDING NECESSARY TO SUSTAIN DECISION.

Where there is no statement of facts in the record, the Court of Civil Appeals, in order to support a judgment for a prior chattel mortgagee, will impute to the court a finding against the subsequent mortgagee on the issue of priority.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by the Neely-Harris-Cunningham Company against F. M. and Charity Bagley, in which Lacy Bros. & Jones intervened. Judgment for plaintiff and intervener against defendants, and for intervener against plaintiff, and plaintiff appeals. Affirmed.

Goodson & Goodson, of Comanche, for appellant. Smith & Palmer, of Comanche, for appellees.

SPEER, J. The Neely-Harris-Cunningham Company filed this suit against F. M. and Charity Bagley in the form of an action for debt, and to foreclose a chattel mortgage lien, and Lacy Bros. & Jones intervened in the suit and sought to recover of the Bagleys the amount due on a promissory note, and to foreclose a chattel mortgage lien on the same property as against all parties. There was a trial before the court, resulting in a judgment in favor of the plaintiff and intervener against the defendants, and in favor of the intervener against the plaintiff, from which the plaintiff has appealed.

[1, 2] The first assignment of error complains that the court erred in overruling appellant's special exception to appellees' petition. But the point there sought to be made is not properly raised by exception, because intervener's petition does not disclose that a copy, rather than the original chattel mortgage had been filed for registration with the county clerk. The petition of intervention did allege that the chattel mortgage itself was duly executed and filed for registration. The petition showing therefore, that such instrument was witnessed by two of the beneficiary parties would not invalidate such registration, since, under the statute, a chattel mortgage, to be entitled to registration, need not be witnessed at all. In other assignments, however, the insistence is made that appellees' mortgage, although prior in point of time, is inferior to appellant's lien, since the instrument filed with the county clerk for registration was a copy only, and, the original itself having been witnessed by interested parties, its registration did not affect appellant with notice.

[3-5] The court's finding shows that a copy was registered, and that the original was witnessed by two members of appellee firm. But this, in our view of the case, is not decisive of the appeal in appellant's favor, but, on the contrary, the judgment must be affirmed, since there is no finding of fact that appellant was a bona fide lienholder under the statute. Indeed, the court finds the fact that appellant had actual notice of appellees' mortgage, but he bases such finding upon certain stipulations in a prior satisfied mortgage executed by the Bagleys to appellant. While we do not find it necessary to pass upon the correctness of this finding, we do hold that appellees' mortgage was superior to that of appellant, in the absence of allegation and proof that they had paid value without notice. As held in Oak Cliff College v. Armstrong, 50 S. W. 612, an unrecorded mortgage is absolutely void as to creditors, but not so as to subsequent purchasers and mortgagees, or lienholders; for they must have become such in good faith, in order that the unrecorded mortgage should be held void. Good faith can only be shown by proof of payment of valuable consideration and want of notice of the prior mortgage. There is no statement of facts in the record, and, in order to support the judgment, we will impute to the court a finding against appellant on this issue.

The judgment is affirmed.