## HOME NAT. BANK OF CLEBURNE v. HERD. (No. 6933.)

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923.)

1. Judgment ⚖➡126(1)—Default judgment for unliquidated demand improper without proof of cause of action.

In an action for conversion of live stock on which plaintiff had a chattel mortgage, it was error to render a default judgment for plaintiff upon the petition without proof of the cause of action therein alleged; Vernon's Sayles' Ann. Civ. St. 1914, art. 1939, providing that, when the demand is unliquidated, the court shall hear evidence as to the damages and shall render judgment therefor unless defendant shall demand and be entitled to a trial by jury.

2. Chattel mortgages ⚖➡144 — Second mortgagee filing mortgage in violation of agreement held not a "subsequent mortgagee in good faith" as against first mortgagee.

Where an owner of certain live stock gave a first mortgage thereon to defendant and immediately afterwards gave a mortgage on the same property to plaintiff, who was informed that it was a second mortgage, and who agreed he would not file his mortgage until the prior mortgage was filed, which agreement he violated by placing his mortgage on file as soon as practicable, such registry did not avail as against the first mortgagee, for plaintiff was not a mortgagee or lienholder in good faith, and Vernon's Sayles' Ann. Civ. St. 1914, art. 5655, in regard to filing chattel mortgages, is enacted for the protection of creditors of the mortgagor and subsequent purchasers or lienholders in good faith; a "subsequent mortgagee in good faith" being one who has advanced a consideration for the making of the mortgage and who had no notice of the unrecorded lien.

Appeal from Johnson County Court; O. O. Chrisman, Judge.

Action by Ed. Herd against the Home National Bank of Cleburne. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. E. Johnson, of Cleburne, for appellant. Featherston & Chrisman, of Cleburne, for appellee.

FLY, C. J. Appellee sued appellant to recover damages in the sum of $700 alleged to have accrued through the conversion by appellant of a certain Jersey cow and a six year old mare on which he had a chattel mortgage, given to secure a certain promissory note for $500 executed to appellee by J. A. Langston. On November 18, 1921, citation was duly served on appellant. No answer was filed by appellant, and at the return term of the county court, which began in January, 1922, judgment by default was rendered against it for the full amount of the damages claimed by appellee. No date in January is given in the judgment, the only thing showing when it was rendered being the words "January term, 1922," at the head of the judgment. There is no recitation that any testimony was heard.

This cause of action is an unliquidated demand, not proved by any instrument in writing, and the statute requires when a judgment by default is sought against a defendant, on an unliquidated demand, "the court shall hear evidence as to the damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury." Vernon's Sayles' Civ. Stats. art. 1939. No jury had been demanded in this case, and of course no writ of inquiry could be awarded. Article 1940.

The record tends to show that no evidence was heard by the court, for the judgment is silent on the subject, and the county judge, when questioned, failed to testify that any testimony was heard, but stated:

"Default judgment was rendered as all other default judgments were rendered at that time."

[1] It is clear that no testimony was heard, but the judgment was based on a mere allegation of damages, without anything to support it. A judgment for damages cannot be rendered on a sworn account, much less on an unverified petition. Railway v. White, 1 White & W. Civ. Cas. Ct. App. § 164; Railway v. Looby, 1 White & W. Civ. Cas. Ct. App. § 577. The court erred in rendering judgment for appellee by default upon the petition without proof of the cause of action therein alleged and should have granted the motion for new trial. Dancey v. Rosenberg (Tex. Civ. App.) 174 S. W. 831; S. W. Surety Ins. Co. v. Railway (Tex. Civ. App.) 196 S. W. 276.

[2] It would seem that there was some uncertainty as to when the appearance docket would be called, and it had been a custom to notify litigants as to when it would be called. It was not called on the legal appearance day, because that day happened

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be in conflict with the regular meeting of the commissioners' court. The motion for new trial states a good defense to the action. It was shown by an affidavit which was not controverted that the mortgagor of the property gave a first mortgage thereon to appellant and immediately afterwards gave a mortgage on the property alleged to have been converted to appellee, who was informed that it was a second mortgage and who accepted it as such, and agreed that he would not file his mortgage until the prior mortgage was filed; but this agreement he failed to respect and as soon as practicable placed his mortgage on file. The provisions of article 5655, Vernon's Sayles' Civ. Stats., in regard to filing chattel mortgage in the county clerk's office, were enacted for the protection of creditors of the mortgagor and subsequent purchasers and mortgagees or lienholders in good faith, and the facts alleged in the affidavit appended to the motion for new trial show that the subsequent mortgagee did not act in good faith but in violation of his promise and agreement. He acted with full notice of the prior mortgage, and he gained nothing by the registry of his chattel mortgage, because he was not a mortgagee or lienholder in good faith. Stewart v. Miller (Tex. Civ. App.) 144 S. W. 343; Neely v. Lacy (Tex. Civ. App.) 152 S. W. 441.

A subsequent mortgagee in good faith in contemplation of the statute is one who has advanced a consideration for the making of the mortgage and who had no notice of the unrecorded lien. Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872; National Bank v. Todd (Tex. Com. App.) 231 S. W. 322.

The judgment is reversed, and the cause remanded.