J. R. Oliver v. Jesse N. Gallagher, Chief Justice, et al.

Motion No. 8926.   Decided April 9, 1930.
(26 S. W., 2d Series, 903.)

■■■■■■■■■■■■■■■■■■■■■■■■■■■

*James D. Buster* and *Ocie Speer,* for relator, cited: Marcus v. Armer, 5 S. W., 2d Series, 960; Alexander v. Heidenheimer, 221 S. W., 942; Allison & Sons v. Hamic, 260 S. W., 1037; Vickery v. Freeman, 15 S. W., 2d Series, 85; Lee v. Gilchrist Cotton Oil Co., 215 S. W., 977; Texas Seed & Floral Co. v. Schnoutze, 209 S. W., 495; Ehrenberg v. Guerrero, 225 S. W., 86; Davis v. Gouldy, 243 S. W., 715; Brook Supply Co. v. Center Bros., 245 S. W., 101; Rev. Stats., Arts. 1733, 1855, 1955.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The relator has filed a motion for a rehearing of his petition for mandamus to compel the Waco Court of Civil Appeals to certify the question whether its action was correct in sustaining the order of the County Court in overruling relator's plea to the jurisdiction, as disclosed by the opinion of a majority of the Court of Civil Appeals in the case of Oliver v. Henley, 21 S. W., (2d) 576. The mandamus is sought on the ground that the Court of Civil Appeals decided that a written contract which does not stipulate for performance in the county where the suit is brought will support the venue in such county as against a properly interposed plea of privilege. Such decision is averred to be in conflict with the decision of the Supreme Court in Marcus v. Armer, 5 S. W., (2d) 960, and with decisions of the Courts of Civil Appeals like Allison & Sons v. Hamic, 260 S. W., 1037.

The motion for rehearing assumes that this court based its original order refusing permission to file the petition for mandamus on the absence of an averment that relator had called the attention of the Court of Civil Appeals to the conflict in the decisions or had asked that the conflict be certified for adjudication here. It is obvious that mandamus will not lie to compel a court to perform an act required by statute in the absence of a request for such perform-

ance by the party at interest and a refusal to perform on the part of the court. Ashford v. Goodwin, 103 Texas, 491; Matthaei v. Clark, 110 Texas, 125. It was therefore determined by this court that a timely motion to certify must be presented to the Court of Civil Appeals before the remedy of mandamus can be invoked to compel a question's certification. Wood v. Harper, 114 Texas, 133; 3 Texas Jurisprudence, sec. 216. This defect in the original petition could be cured and has been cured by appropriate amendment.

This case is one wherein the jurisdiction of the Court of Civil Appeals is final. Hence, relator could have no relief by writ of error, which, if open to him, would have defeated relief by mandamus. I. & G. N. R. R. Co. v. Pleasants, 116 Texas, 568. Having no other relief and having now shown that the Court of Civil Appeals overruled his motion to certify, relator would be entitled to a hearing on his petition (Warren v. Willson, 108 Texas, 262; National Compress Co. v. Hamlin, 114 Texas, 376, par. 4; Hinn v. Gallagher, 114 Texas, 322), if the Court of Civil Appeals had determined, as he argues, that a written contract which did not stipulate performance in the county where suit was brought would support suit thereon in that county against a defendant residing in another county and duly asserting his privilege to be sued in the county of his residence. For such a determination would be flatly contradictory of the decision of the very same question by this court as well as by courts of civil appeals. To reconcile such conflicts is the very purpose of the statute under which relator files his petition, Art. 1855, Revised Civil Statutes, 1925. Garitty v. Rainey, 112 Texas, 369.

However, it is plain to us that the opinion of the Court of Civil Appeals does not have the effect ascribed to it in the argument for relator.

The majority of the Court of Civil Appeals held that respondent's letter accepting the offer made in relator's newspaper advertisement to ship Mebane and Kasch pedigreed cotton seed at $4.00 sack of 3 bushels freight paid in Texas and Oklahoma," "subject to inspection and let you be the judge," and directing shipment of the seed to Limestone County, resulted in a contract in writing between the parties performable in Limestone County, because relator was "thereby obligated to deliver the seed described * * * in Limestone County." This is not a decision upholding the right to sue anyone save in the county where he has contracted to perform a written contract. It is a decision that certain writings imposed an

obligation performable in the county wherein suit was brought. We find no fault with this conclusion.

When relator offered to sell pedigreed seed "subject to inspection" and offered to let respondent "be the judge" of same, he was offering to make a sale of cotton seed on approval. Mr. Webster very accurately says the term "on approval," or "subject to approval," applies to "the delivery of goods for sale to the proposed vendee upon the terms that he may accept them and thus conclude the sale, or may refuse and return them." Interpreted in the light of the requirement of Article 1702 of our Penal Code that cotton seed for seeding purposes in this State shall be plainly labeled so as to show, among other things, the "approximate percentage of germinable seed as determined by germination test and date on which germination test was. made," relator's offer to let respondent "be the judge," after inspection of these seed, could have meant but one thing and that was that before a sale was concluded respondent was to first have the right to inspect the seed and their label. And he was then bound to accept only in the event the seed met with the approbation of his own judgment. The letter of respondent to relator, ordering the goods under relator's advertisement and transmitting the price, could not result in the property in the seed passing from relator to respondent until the seed were inspected and approved by respondent, and the acts of inspection and approval were to be performed only after the arrival of the seed at their destination, or in Limestone County. Under relator's published offer which was an authorized offer in writing and respondent's acceptance, the written contract obligation of relator was clearly performable in Limestone County, and the venue lay in Limestone County.

In order for the buyer's right to be the judge of the seed to have value, it must include an option to take the seed after inspection. The sale being made subject to an option exercisable by the buyer at destination, title to the seed would not pass until the option was exercised. So, Limestone County, as the destination of the seed's shipment, was the county for acceptance and delivery of the seed, within the true intent of the seller's written advertisement. Benjamin on Sales (Sixth Edition), pp. 367, 663; Williston on Sales, sec. 263, p. 528, and sec. 270, pp. 544–546. This is precisely what was held by the Court of Civil Appeals. The holding was in accordance with an express decision of the Supreme Court that title did not pass from a seller prior to approval where goods were sold and shipped subject to approval. Referring to certain machinery

which had been sold and shipped "subject to the approval" of the purchaser, after trial, the court held that "although the condition may be for the benefit of the purchaser, yet the title remained in the seller." Hall & Brown Machine Co. v. Brown, 82 Texas, 470, 472.

The Court of Civil Appeals has determined nothing further than that a suit can be brought to enforce a certain obligation in a particular county when the party sued has contracted in writing to perform such obligation in that county. The determination in no wise conflicts with any of the cited decisions from the Supreme Court or any Court of Civil Appeals. The motion for leave to file the petition for mandamus, based on the supposed conflict in the decisions, was rightly refused, and the motion for rehearing is overruled.