## CITIZENS' NAT. BANK OF CAMERON v. UNITED STATES BOND & MORT-GAGE CO.

### No. 11178.

Court of Civil Appeals of Texas. Dallas.
March 26, 1932.

Rehearing Denied April 23, 1932.

W. A. Morrison, of Cameron, for appellant.

McBride, O'Donnell & Hamilton, of Dallas, for appellee.

VAUGHAN, J.

The parties to this appeal are the above-named appellant and appellee, each being a private corporation. Appellant prosecuted this appeal from a judgment overruling its plea of privilege. Appellee filed its suit in the court below against J. C. Brashear and wife, Parolee Brashear, and appellant, as defendants, to recover against said Brashear and wife upon a promissory note for $2,400, dated May 17, 1921, payable May 1, 1931, with interest at the rate of 7 per cent. per annum from maturity until paid, together with attorney's fee, and also for the foreclosure of deed of trust lien upon certain real estate located in Milam county, Tex., against Brashear and wife and appellant.

Appellee alleged that Brashear and wife executed and delivered to the Dallas Trust & Savings Bank the note sued upon, payable in Dallas, Dallas county, and also executed and delivered the deed of trust described in appellee's petition to secure same; that through assignment, transfer, and conveyance it became the legal and equitable owner and holder of the note and deed of trust lien; and that appellant claimed some interest in the real estate, which was alleged to be inferior to the lien securing the payment of the $2,400 note. In due time, appellant filed a proper plea of privilege to be sued in Milam county, place of its domicile, and the county where the land on which the lien sought to be foreclosed is situated. In due time, appellee filed its duly verified contest of the plea of privilege, setting forth the nature of its suit and especially alleging that personal judgment was sought against Brashear and wife; that venue as to them was controlled by subdivision 5 of article 1995, R. S. 1925, providing that if a person contracts in writing to perform an obligation in a particular county, suit may be brought either in that county, or in the county where the defendant has his domicile; that the appellant is now the owner of the real estate securing the payment of the note, having purchased it from

Brashear and wife; and that appellant was a necessary party to the suit under subdivision 29a of article 1995, supra, as added by Acts 40th Leg. (1927), 1st called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), which controls the venue as to appellee. The trial court overruled appellant's plea of privilege, hence this appeal.

Appellant contends that the trial court committed material error in the following respects, viz.: (a) In overruling and in refusing to sustain appellant's plea of privilege; (b) in overruling appellant's general demurrer urged against appellees' controverting affidavit; (c) in overruling appellant's special demurrer against the application of subdivision 29a of article 1995, R. S. 1925 as added, urged on the ground that said subdivision 29a had no application to, and did not control the question of, venue in this case; (d) in admitting in evidence, over the objection of appellant, the note alleged to have been executed by J. C. Brashear and wife, because the same had not been filed among the papers of this cause and notice given to appellant that same would be offered in evidence, and because there was no proof of the execution of said note or said mortgage at the time they were admitted over appellant's objection; (e) in not sustaining appellant's plea of privilege, for the reason that there was no testimony establishing execution of the alleged note sued on, and no proof of any liability of any of the defendants to appellees in this cause; and (f) it being necessary for the appellee to prove appellant had title to, or was claiming the land under, the conveyance alleged, and as no proof was offered or introduced in evidence to show, or tending to show, either of such alleged facts, the judgment of the court should have sustained the plea of privilege, and that it was fundamental error not to do so.

Attached to the plea in abatement filed in this suit was a certified copy of plaintiffs' petition filed in cause No. 9165 on the docket of the district court of Milam county, wherein said J. C. Brashear and wife were the plaintiffs and appellee herein, Dallas Trust & Savings Bank, and Connecticut General Life Insurance Company were defendants, which plea, with said exhibit, was offered in evidence by appellee, the language of which conclusively shows the following facts, viz.: That the execution of the deed of trust, dated March 17, 1921, was alleged, as well as its registration in volume 47, pp. 241–246, Deed of Trust Records of Milam County; that the deed of trust denominated as No. 1 in said suit is declared in said petition to have been executed to secure four promissory notes made by Brashear and wife, and described as being three notes for $200 each, payable May 1st of the years 1923, 1924, and 1925, respectively, and the fourth for the sum of $2,400, payable May 1, 1931, drawing interest at the rate of 7 per cent. per annum; that all of the notes secured by the deed of trust, supra, including the $2,400 note described in the petition filed in the Milam county suit, are identical with the notes described in the deed of trust sought to be foreclosed in the instant suit; that the Milam county suit was to recover usury alleged to have been charged on the $2,400 note sued upon in this case, as well as the other three notes in the sum of $200 each; that Brashear and wife not only admitted, but contended, in the Milam county suit, that they executed the $2,400 note with other notes, and executed the deed of trust sought to be foreclosed to secure same, and that said notes were usurious; that after the execution of the note sued upon and the deed of trust sought to be foreclosed in this suit, and while said suit for usury was pending on appeal, Brashear and wife sold and transferred the land on which said lien existed to appellant herein; that appellant in said pleadings, admitted that it had bought the land by deed of conveyance, alleging, however, that it did not become liable upon the note, except in so far as the land itself secured same. From the above it follows, as a natural sequence without the peradventure of a doubt, (a) that the note sued upon was executed by Brashear and wife and was made payable in Dallas county, and (b) that the land, on which foreclosure of lien is sought in this case, was assigned and conveyed to appellant without it assuming the payment of the involved note; that the conveyance to it was subsequent to the execution of said note, and while the usury suit between Brashear and wife, appellee and others, involving the note sued upon, was pending upon appeal, and that appellant claims title to said land.

The plea of privilege was filed only by appellant; the other defendants to the instant suit raised no question as to the right of appellee to maintain this suit against them in Dallas county, the sole ground of the plea of privilege being that appellant's domicile was in Milam and not in Dallas county, and that as to it, there was no exception to exclusive venue in the county of one's residence.

We are therefore of the opinion that appellant is a necessary party to appellee's foreclosure suit, under subdivision 29a of article 1995, R. S. 1925 as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), viz.: "29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Duvall v. Boyer (Tex. Civ. App.) 35 S.W.(2d) 181; Montgomery v. Owen (Tex. Civ. App.) 37 S.W.(2d) 1107. The note executed by

Brashear and wife being payable in Dallas county, this suit is lawfully maintainable in that county against them. Subdivision 5, art. 1995, supra. Therefore, also maintainable against appellant as a necessary party, because a valid foreclosure of appellee's deed of trust lien cannot be had without appellant being a party to the suit. It is the well-settled law of this state that, when a mortgagee seeks to enforce a mortgage lien against land, a subsequent vendee is a necessary party to the foreclosure suit. Robinson v. Black, 56 Tex. 215: Andrews v. Key, 77 Tex. 35, 13 S. W. 640; Lind v. Merchants' State Bank & Trust Co. (Tex. Civ. App.) 16 S.W. (2d) 385.

The cases of Gulf Refining Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248, and Palvidis v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294, cited in appellant's brief, are to the effect that when a party is sued upon a written instrument and files a plea of privilege, the plea of privilege has the effect of denying the execution of the instrument and requires proof of its execution. If Brashear and wife, who did not file a plea of privilege, but who by their acquiescence admitted the court had jurisdiction, had filed a plea of privilege, then the holdings embraced in these decisions would require proof of the execution of the instruments sued upon. However, Brashear and wife filed no plea of privilege, and venue of the court is not questioned as to them. Article 3734, R. S. 1925, clearly disposes of this proposition, to the effect that the deed of trust and the note sued upon are admissible in evidence, unless Brashear and wife, the parties alleged to have executed said instruments, filed an affidavit denying their execution under oath. The execution of the instruments, under the terms of this statute, must be denied under the written oath of the party by whom the instruments sued upon are alleged to have been executed. It is not claimed that appellant executed the instruments sued upon, and even if it could be held that a plea of privilege is a plea of non est factum, as provided for by and within the meaning of article 3734, supra, still under said article appellant's plea of privilege could not be so treated in this case, because that article provides, in effect, that when the pleading in the case is founded on any instrument in writing charged to have been executed by the other party or by his authority, such instrument shall be received in evidence without the necessity of proving its execution, unless the party by whom, or by whose authority, such instrument or note in writing is charged to have been executed, shall file his affidavit denying the execution thereof. It is well settled that, when an instrument declared upon in the pleadings is to be introduced in evidence, notice of the filing is never required

as a predicate for its admission. Denman v. James (Tex. Civ. App.) 180 S. W. 1157, 1160. Furthermore, even if the venue were questioned by Brashear and wife, the proof is conclusive, under the admissions embraced in the plea in abatement introduced in evidence by appellee, that the instruments sued upon were executed by Brashear and wife, and therefore the cases cited by appellant are not pertinent to any issue in this case.

All assignments have been carefully considered, and, finding no error presented thereby, the judgment of the trial court is affirmed.

Affirmed.