## UMBERSON v. KRUEGER et al.
### No. 3790.

Court of Civil Appeals of Texas. Amarillo.
April 13, 1932.

Rehearing Denied May 4, 1932.

Haag & Stubbeman, of Midland, for appellant.

Alfred M. Scott, of Lubbock, for appellees.

HALL, C. J.

This is an appeal from the trial court's action in overruling appellant's plea of privilege to be sued in the county of his residence.

Krueger, J. T. Hutchinson. and M. C. Overton sued G. E. Moxley to recover upon two unsecured promissory notes payable to them and executed by Moxley alone. Moxley and Umberson reside in Midland county. The notes were payable in Lubbock county, where the plaintiffs reside. In their petition the appellees alleged that the defendant, Moxley, owned certain land in Andrews county which he had conveyed to Umberson for the fraudulent purpose of hindering, delaying, and defrauding his creditors, and that Umberson was a party to the fraud, and they prayed that the conveyance from Moxley to Umberson be set aside, and the land subjected to the payment of their debt. An attachment was issued and levied upon the land in Andrews county as the property of Moxley.

Umberson filed his plea of privilege to be sued in Midland county. The appellees filed their controverting affidavit alleging that the notes signed by Moxley were payable in Lub-

bock county, that Umberson was claiming title to the land which they had attached as the property of Moxley, and that therefore Umberson is a necessary party to the suit against Moxley under subdivision 29a of article 1995, R. C. S.

Subdivision 29a of article 1995 reads: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

█ This subdivision is an amendment to article 1995, passed by the Fortieth Legislature in 1927, 1st Called Sess. c. 72, § 2, Vernon's Ann. Civ. St. art. 1995, subd. 29a, and was intended to prescribe venue in cases where the plaintiff under some other exception of the article was authorized to sue in a certain county, and none of the defendants resided in the county where the suit was filed. We think the legislative intent is clear that plaintiff is prohibited from joining as defendants in such action any but necessary parties. The decisions of the Courts of Civil Appeals are not in accord in so far as the construction of this subdivision is concerned. In our opinion, the Legislature did not intend to repeal or in any way modify subdivision 4 of the act, which relates to suits filed against several defendants in the county in which one of such defendants resides. As we construe subdivision 29a, no defendant can be required to answer in a suit which is within said subdivision unless he is a necessary party to the action.

In Dallas County Bois D'arc Island Levee District v. Glenn, 288 S. W. 165, the Supreme Court defined "necessary party" as follows: "In direct attack on judgment, all parties whose interests are directly and materially affected by judgment are 'necessary parties.'"

In Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522, 523, they say: "Necessary or indispensable parties include all persons whose interests will necessarily be affected by any decree that may be rendered."

Again, in Collins v. Herd (Tex. Civ. App.) 295 S. W. 216: "Parties interested in subject-matter of litigation and whose rights may reasonably be affected by any decree that may be rendered are necessary parties thereto."

In Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105, this definition is given: "A 'necessary party' is one who is so vitally interested in the matter that a valid decree cannot be rendered without his presence as a party."

In Biggs v. Miller, 147 S. W. 632, 633, the Court of Civil Appeals says: " 'Necessary parties' to a suit are parties who are so vitally interested in the subject-matter that a valid decree could not be rendered without their presence, whether there was an objection to a failure to make them parties or not."

The latest definition we have found is by the Commission of Appeals in Adams v. Bankers' Life Co., 36 S.W.(2d) 182, 185, in which a "necessary party" is defined as: "One so vitally interested in the matter that a valid decree cannot be rendered without his presence."

█ It is clear from the petition that Moxley, being the only debtor, is the principal defendant in this action. The subject-matter of the suit as to him is the notes sued upon. Since Umberson did not sign the notes, no judgment can be rendered against him thereon, and, unless a judgment is recovered against Moxley, the action in so far as Umberson is concerned, falls. No personal judgment against Umberson is sought, but the purpose of the action as to him is to set aside an alleged fraudulent conveyance. As we understand the case made by their pleadings, the presence of Umberson is not necessary to a determination of the issue between the plaintiffs and Moxley, and a valid decree can be rendered as between plaintiffs and Moxley without the presence of Umberson as a defendant. The right given by statute to every party to be sued in the county of his residence is a valuable right which the Legislature has attempted to safeguard in enacting subdivision 29a, in suits of this character.

We have not been able to find a case where the exact question here considered has been decided, but the case of Carlton v. Newton (Tex. Civ. App.) 44 S.W.(2d) 475, very nearly expresses our views relative to the contention here urged. Until the appellees have recovered a judgment against Moxley, they have no right to question the validity of the conveyance to Umberson, and, while the courts have permitted creditors in suits against their debtors to attack alleged fraudulent conveyances to third parties, such permission is granted in order to avoid a multiplicity of suits, but such procedure cannot be permitted to overrule the rights of an alleged fraudulent grantee to be sued in the county of his residence because he is not a necessary party to such an action.

We will not undertake to discuss the numerous authorities cited by counsel for both sides, and it would be impossible to reconcile the conflicting decisions construing subdivision 29a. Suffice it to say that we think the court erred in overruling the plea of privilege; for which error the judgment is reversed, and the cause remanded.