**KRUEGER et al. v. HALL, Chief Justice, et al.**

**No. 1685-6186.**

Commission of Appeals of Texas, Section A.

June 24, 1933.

Alfred M. Scott, of Lubbock, for relators.

SHARP, Judge.

This is an original proceeding for mandamus by J. T. Krueger, J. T. Hutchinson, M. C. Overton, and Lubbock Sanitarium Company, a corporation, as relators, to compel the honorable Court of Civil Appeals for the seventh district to certify for decision by the Supreme Court a question of law alleged to have been decided by that court in the case of Smith Umberson, Jr., v. Krueger et al., 49 S.W.(2d) 528, 529, in which case the judgment of the trial court in overruling a plea of privilege filed by Umberson was reversed.

Krueger et al. sued G. E. Moxley upon two promissory notes payable to them and executed by Moxley alone. The notes were payable in Lubbock county. It was alleged that Moxley owned certain land in Andrews county which he had conveyed to Smith Umberson for the fraudulent purpose of hindering, delaying, and defrauding his creditors and that Umberson was a party to the fraud and they prayed that the conveyance from Moxley to Umberson be set aside and the land subjected to the payment of their debt. An attachment was issued and levied upon the land in Andrews county as the property of Moxley.

Umberson filed his plea of privilege to be sued in Midland county. Plaintiffs filed their controverting affidavit alleging that the notes signed by Moxley were payable in Lubbock county; that Umberson was claiming title to the land which they had attached as the property of Moxley and that therefore Umberson is a necessary party to the suit against Moxley under subdivision 29a of article 1995, R. C. S., as added by Acts 1927 (1st Called Sess.) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a). The case was not tried upon its merits and this is an appeal from the trial court overruling Umberson's plea of privilege to be sued in Midland county. The Court of Civil Appeals held that the trial court was in error in so holding and reversed and remanded the case. A motion for rehearing was duly made by Krueger et al., which was overruled and they now seek relief by mandamus.

The judgment of the Court of Civil Appeals being final as to this order, the relators filed a motion for certification to the

Supreme Court which was denied. The mandamus is sought on the ground that the Court of Civil Appeals is in conflict with the opinion of the Supreme Court in the case of Empire Gas & Fuel Co. v. State, 47 S.W.(2d) 265, and many other opinions of the Courts of Civil Appeals, one of which is the case of Citizens' National Bank of Cameron v. U. S. Bond & Mortgage Co., 48 S.W.(2d) 676.

The Supreme Court has repeatedly held that it has no jurisdiction to grant a writ of error to review the holding of the Court of Civil Appeals in a case where the appeal is from an interlocutory judgment of the trial court overruling a plea of privilege. In such a case the holding of the Court of Civil Appeals is final. Therefore, the Court of Civil Appeals can be required by mandamus to certify the question of its ruling if it is in conflict with the decisions of the Supreme Court or of the opinions of the Court of Civil Appeals. For a full discussion of article 1855, R. C. S., and the rules applicable to applications for writs of mandamus, we refer to the following decisions: Oliver v. Gallagher et al., 119 Tex. 178, 26 S.W.(2d) 903; Stevens v. Willson, 120 Tex. 584, 39 S.W.(2d) 1088; Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110; Jones v. Hickman (Tex. Com. App.) 48 S.W.(2d) 982; Harris v. Willson (Tex. Com. App.) 59 S.W.(2d) 106.

In the case of Layton v. Hightower, supra, Presiding Judge Harvey announces the rule applicable to a conflict of decisions in the following language:

"A conflict of decision which is required by article 1855 of the Statutes (Rev. St. 1925) to be certified to the Supreme Court is thus defined by the statute:

"'Where a decision of a Court of Civil Appeals is in conflict with an opinion' of the 'Supreme Court of Texas or by some other Court of Civil Appeals in this state on any question of law. * * *'

"The conflict between the two decisions must be upon a question of law that is involved and determined in both cases (Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825); and the question of law must be such that a decision thereof by the Supreme Court will necessarily control the disposition of the case in which the certification is sought (Benson v. Jones, 117 Tex. 68, 296 S. W. 865). If facts in issue, which are involved in a particular ruling in each of the two cases, are materially the same in both cases, and the decision of the court in one case, as to the legal effect of such facts, is contradictory to that of the other court in the other case, then a conflict

of decision occurs on a question of law which is 'involved and determined' in the two cases."

In the case of Citizens' National Bank of Cameron v. United States Bond & Mortgage Co., supra, a suit was filed by the mortgage company against Brashear and wife upon a note executed by Brashear and wife payable in Dallas, Dallas county, Tex., and secured by deed of trust lien on certain lands described therein situated in Milam county; that subsequent to the execution of the note and deed of trust, Brashear and wife conveyed the land to the Citizens' National Bank of Cameron but the bank did not assume the payment of the note. Suit was filed in the district court of Dallas county against Brashear and wife for the amount of the note and for foreclosure of the deed of trust lien against the land as between Brashear and wife and the bank. It was alleged that the bank claimed some interest in the real estate but that whatever interest it claimed was inferior to the claim of the mortgage company. Brashear and wife raised no question as to the right of the mortgage company to maintain the suit in Dallas county and the plea of privilege was filed only by the Citizens' National Bank. This plea was overruled by the trial court. The Court of Civil Appeals held that the Citizens' National Bank is a necessary party to the foreclosure suit under subdivision 29a of article 1995, R. C. S., as added by Acts 1927 (1st Called Sess.) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), and affirmed the judgment of the trial court. The foregoing opinion cited and reviewed as being in conflict with the holding of the Court of Civil Appeals in this case will be sufficient for the purposes of this opinion. Many other opinions of the Courts of Civil Appeals could be cited where there is a conflict with respect to the construction of subdivision 29a, but we will not undertake to review them here. In fact, Chief Justice Hall, in rendering the opinion in this case, recognized this condition of the opinions and refrained from a discussion of them and stated that "it would be impossible to reconcile the conflicting decisions construing subdivision 29a."

We therefore recommend that the writ of mandamus do issue as prayed for by relators commanding the respondents to certify to the Supreme Court for decision the question of law on which their decision conflicts as above pointed out.

CURETON, Chief Justice.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.