**CITIZENS' NAT. BANK OF CAMERON v.
JONES, Chief Justice, et al.**

No. 1686–6212.

Commission of Appeals of Texas, Section A.

June 24, 1933.

W. A. Morrison, of Cameron, for relator.

McBride, O'Donnell & Hamilton, of Dallas, for respondents.

SHARP, Judge.

Relator has filed a petition for mandamus to compel the honorable Court of Civil Appeals for the fifth judicial district to certify the question whether that court was correct in sustaining the judgment of the district court in overruling relator's plea of privilege to be sued in Milam county, as disclosed in the opinion of the Court of Civil Appeals in the case of Citizens' National Bank of Cameron v. United States Bond & Mortgage Co., 48 S.W.(2d) 676. The mandamus is sought on the ground that the opinion of the Court of Civil Appeals in that case is in conflict with the opinions of the Courts of Civil Appeals in other cases, one of which is the case of Smith Umberson, Jr., v. Krueger et al., 49 S.W.(2d) 528.

The salient facts in the case of Citizens' National Bank of Cameron v. United States Bond & Mortgage Co., supra, are as follows: Brashear and wife executed and delivered to the Dallas Trust & Savings Bank a promissory note for $2,400 with interest thereon payable in Dallas, Dallas county, Tex., and secured by deed of trust lien on certain lands described therein situated in Milam county, Tex.; that the note and lien were assigned and conveyed to the United States Bond & Mortgage Company, the legal owner and holder thereof; that subsequent to the execution of the note and deed of trust Brashear and wife conveyed the land to the Citizens' National Bank of Cameron but the bank did not assume the payment of the note. Upon default of the payment of the note, the mortgage company filed suit in the district court of Dallas county against Brashear and wife for the amount of the note and for foreclosure of the deed of trust lien against the land as between Brashear and wife and the bank. It was alleged that the bank claimed some interest in the real estate, but that whatever interest it claimed was inferior to the claim of the mortgage company, and Brashear and wife raised no question as to the right of the mortgage company to maintain the suit in Dallas county and a plea of privilege was filed only by relator. The case was not tried upon its merits and an appeal was taken from the judgment of the trial court overruling the bank's plea of privilege to be sued in Milam county. The Court of Civil Appeals held that relator is a necessary party to the foreclosure suit under subdivision 29a of article 1995, R. S., as added by Acts 1927 (1st Called Sess.) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), and affirmed the judgment of the trial court. A motion was duly made by relator which was overruled and relator filed a motion for certification to the Supreme Court which was denied. It now seeks relief by mandamus.

This case was argued before the court in connection with the case of Krueger et al. v. Hall et al. (Tex. Com. App.) 61 S.W.(2d) 985, in which application for mandamus it was contended that the opinion of the Court of Civil Appeals in the case of Umberson v. Krueger et al., supra, conflicted with the opinion of the Court of Civil Appeals for the fifth district in the case of Citizens' National Bank of Cameron v. United States Bond & Mortgage Co., supra. The writ of mandamus was awarded in the case of Krueger v. Hall, supra, because of the conflict of decision in the two cases. We refer to the opinion this day rendered in that case for a full statement of the facts involved in the two cases and the reasons given for granting the writ prayed for.

We therefore recommend that the writ of mandamus do issue as prayed for by relator commanding the respondents to certify to the Supreme Court for decision the question of law on which their decision conflicts as above pointed out.

CURETON, Chief Justice.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.