## STEWART v. WOODS ELECTRIC CO.
### No. 9975.

Court of Civil Appeals of Texas. Galveston.

June 21, 1934.

Harry Holmes and Gail Whitcomb, both of Houston, for appellant.

Kemper, Hicks & Cramer, of Houston (F. Warren Hicks, of Houston, of counsel), for appellee.

GRAVES, Justice.

The appellee's statement, though too long, is thought to be accurate and to reflect the findings which the trial court, on sufficient evidence appearing in the statement of facts, will be deemed to have made in entering the judgment it did:

"This suit was by P. O. Stewart of Harris County, against Woods Electric Company, a corporation, of Harris County. The action was:

"(a) For damages for the alleged conversion of certain lighting-fixtures which had been installed in the house located at 3425 Southmore Boulevard, Houston, Texas, by Woods Electric Company, and subsequently removed by it;

"(b) For the removal of a cloud of title caused by the filing by Woods Electric Company of a materialman's lien on certain property located on Troon Road in River Oaks Addition, Houston, Texas.

"Brainin & Winston, relators, with Howard S. Brainin in actual charge, were the sales-agents for the properties belonging to Southwood, Inc. Howard S. Brainin, as an advertising and sales promotion scheme, on or about August, 1931, began negotiations for the construction of a model home at 3425 Southmore Boulevard, which was to be known as the 'House of Southern Hospitality.' It was his plan to erect the home, furnish it complete, and use same as an advertising and sales promotion scheme for the Southwood Addition. In line with this plan, Howard S. Brainin, as sales agent for Southwood, Inc., caused to be deeded to Enoch W. Dalstrom and wife, Matilda Dalstrom, Lot Seventeen (17) and the East Ten (10) feet of Lot Sixteen (16), of Southwood Addition to the City of Houston. He then made arrangements with Johnson & Gustavson, contractors, to construct the 'House of Southern Hospitality' in accordance with approved plans and specifications, arranging with the

Fields Lumber Company to furnish the materials for the construction of the house, and providing for the creation of a $10,000.00 mechanic's lien to take care of the cost of construction. These plans and specifications did not provide for lighting-fixtures, but an allowance of $150.00 was stipulated in the set-up of expenditures for lighting-fixtures.

"In line with the above plan initiated by Howard S. Brainin, on August, 14, 1931, J. S. Johnson and C. A. Gustavson, as contractors, Enoch W. Dalstrom and Matilda D. Dalstrom, as owners of the property known as 3425 Southmore Boulevard, Houston, the same being Lot 17 and adjoining East 10 feet of Lot 16 in Block 6 of Southwood Addition to the City of Houston, entered into an agreement whereby Johnson & Gustavson agreed to erect and complete a brick veneer house and improvements on the property according to plans and specifications agreed upon by the parties, for and in consideration of $10,000.00 to be evidenced by a note of even date with such agreement, payable to the order of Johnson & Gustavson, due in ninety (90) days, to be executed by Enoch W. Dalstrom and Matilda D. Dalstrom. Southwood, Inc., a corporation, joined in this contract for the purpose of subordinating a vendor's lien held by such corporation covering the sale price of the above lands. It was expressly stipulated in such contract that Johnson & Gustavson should retain and have a valid, existing mechanic's and materialman's, laborer's and contractor's lien, equities, securities, and interests in and to the described real estate, two-story brick veneer house to be erected thereon, and the improvements now upon and to be placed upon such land, and in addition to such liens, a deed of trust lien to be given for the further and cumulative security. It was expressly provided that the note might be assigned and such assignee be subrogated to all rights existing.

"On August 16, 1931, in line with the agreement above referred to, the note, together with all rights, liens, and equities, including the deed of trust lien, were assigned by Johnson & Gustavson to H. G. Fields.

"On September 14, 1931, H. G. Fields rearranged and extended the maturity date of Enoch W. Dalstrom and wife, and accepted in the extension and rearrangement of same one note for $7,850.00 and one for $2,150.00, each payable to the order of H. G. Fields sixty (60) days after date, and further secured by deed of trust to F. F. Beadle, Trustee. Any and all liens existing were recognized and expressly retained.

"The house was completed on or about October 1, 1931. When same was completed in line with the original plan, it was furnished very elaborately in Eighteenth Century Colonial Style furniture, under the personal supervision of Mr. Jantzen, interior decorator, of the Stowers Furniture Company. Stowers Furniture Company furnished the drapes and furniture to furnish the house as an advertising scheme in connection with their furniture business in the City of Houston. Other parties furnished pictures and gas-steam radiators, all of which were furnished under the personal supervision of Mr. Jantzen, who had complete charge of the interior decorations in the house. In working out the interior decorations, Mr. Jantzen required some period electric light fixtures to harmonize with the furniture, and objected to the placing of cheap light fixtures which the original set-up called for.

"When Mr. Jantzen objected to the cheap electrical fixtures, the contractors, Johnson & Gustavson, the owner, E. W. Dalstrom, and the sales agents, Brainin and Winston, entered into an agreement with the defendant, Woods Electric Company, for the installation of lighting fixtures that would harmonize with the furniture and other interior decorations, under a written agreement whereby Woods Electric Company agreed to install the lighting-fixtures selected by Mr. Jantzen, with the understanding that it was to be paid the agreed price out of the cash payment received upon the sale of the property, and with the further understanding that in case the purchaser desired cheaper fixtures than the ones installed, that it would remove them at its own expense, and install cheaper fixtures, which the other parties to the agreement agreed to purchase from it at a price of $150.00, Woods Electric Company agreeing to defray all expenses in installing and removing lighting-fixtures in the event purchaser did not want same; the agreement also providing that in the event the home was not sold within ninety (90) days, Woods Electric Company was to have the right to remove the lighting fixtures installed.

"The house was completed about the 1st of October, 1931. An effort was then made to sell same by advertising it, both in the newspapers and over the radio, and the house was on display for about six months. In displaying the house, signs were displayed in the rooms reading as follows: 'Lighting fixtures loaned by Woods Electric Company.' The fact that the lighting fixtures were loaned by Woods Electric Company was brought to the

attention of prospective purchasers of the house while the same was on display. Plaintiff installed the plumbing in the house and was in the house while the same was on display, and was advised that the lighting fixtures were loaned by Woods Electric Company.

"Brainin & Winston, sales agents, were unable to sell the house, although extensive efforts were made.

"On January 20, 1932, Enoch W. Dalstrom and wife entered into an extension agreement with H. G. Fields, whereby Enoch W. Dalstrom and wife, in consideration of the extension of note No. 2 for $2,150.00, agreed to pay such note to the order of H. G. Fields on February 1, 1932, and expressly recognized and retained all liens and rights and stipulated that 'none of the liens by which said note was heretofore secured are in any manner released, waived or merged, but are all of them expressly continued in full force and effect.'

"On January 21, 1932, H. G. Fields endorsed and delivered said note No. 2 for $2,150.00, and assigned all and every lien and securities securing same, to P. C. Stewart, plaintiff herein.

"On February 11, 1932, P. C. Stewart, as plaintiff, filed suit in the district court of Harris County to recover on such note and to foreclose his lien on the property, and on the same date filed a lis pendens notice in Harris County, Texas. This suit was carried to judgment, and the lien foreclosed on the 31st day of March, 1932, the defendant not being a party to such suit. Execution was issued on the judgment on May 5, 1932, and the premises were sold by sheriff's sale, and under sheriff's sale by deed dated June 7, 1932, the title to the premises was conveyed to P. C. Stewart, plaintiff herein.

"The defendant, not having been paid for the lighting-fixtures under the terms of its original agreement, on or about March 10, 1932, and after the filing of suit for foreclosure by the plaintiff and filing of lis pendens notice in Harris County, removed the lighting-fixtures from the premises.

"On June 16th and 18th, 1932, defendant furnished plaintiff with certain lighting-fixtures and installed same in a house belonging to plaintiff on Troon Road in River Oaks Addition to the City of Houston, under agreement that the plaintiff was to pay defendant within sixty days the agreed price of the fixtures, which amounted to the sum of Two Hundred Eighty-seven and 5/100 ($287.05) Dollars. Plaintiff having refused and failed to pay for such lighting-fixtures, on September 8, 1932, defendant filed its materialman's lien in the county clerk's office, Harris County.

"A trial was had before the court without a jury and judgment was entered that plaintiff take nothing by his suit, and that defendant recover of and from plaintiff the sum of Two Hundred Eighty-seven and 5/100 ($287.05) Dollars, and that the mechanic's lien on the property in River Oaks be foreclosed."

The appellant's contentions for a reversal, whether or not his assignments are properly presented, cannot be sustained because, in the opinion of this court, they all proceed from assumptions not justified by the record in these respects:

(1) That the agreement between appellee and the owners, contractors, and sales agents, under which the lighting fixtures were installed, was a chattel mortgage or conditional sales contract, and that he himself had no knowledge of its existence prior to his purchase of the note he held under, whereas it conclusively appears from the agreement itself and otherwise, not only that it was not a chattel mortgage, but also that appellant did have such prior knowledge before purchasing his note of the terms and conditions under which these lighting fixtures had been installed in the Southmore house by the appellee;

(2) That the lighting fixtures so installed in the Southmore house by the appellee had been provided 'for in the original plans and specifications between the parties for the building of it, hence were covered by both the mechanic's and deed of trust liens involved, whereas the evidence conclusively if not undisputedly shows to the contrary; that is, that the lighting fixtures that appellee so installed in the house were not then contemplated or provided for at the time appellant's note and its supporting mechanic's lien contract and deed of trust were executed.

Upon this state of the record, this court must hold the judgment of the court below to have been correct upon at least these considerations:

1. The installation agreement for the fixtures between the appellee and the owners, contractors, and sales agents of the house, being a separate one made two months after the mechanic's and deed of trust liens held by appellant were executed, the lighting fixtures themselves being so fastened to the building as to be removable without any injury thereto, specifically providing for payment to the

appellee of the agreed value thereof only in event the purchaser of the house desired to buy the fixtures if the house was sold within a period of 90 days, with the express privilege to the electric company to remove the equipment therefrom either if the house was not sold within the time specified or if the purchaser preferred cheaper fixtures, and the undisputed proof showing that no sale of the house was ever made, these appliances—not having been provided for in the previously-consummated contracts under which appellant held—were not subject to his claimed antecedent liens. Hutchins v. Masterson, 46 Tex. 554, 26 Am. Rep. 286; Willis v. Munger Improved Cotton Mach. Mfg. Co., 13 Tex. Civ. App. 677, 36 S. W. 1010 (writ of error refused); Murray Co. v. Simmons (Tex. Com. App.) 229 S. W. 461; Southwestern Public Service Co. v. Smith (Tex. Civ. App.) 31 S.W. (2d) 472, writ dismissed.

 2. Such agreement between the appellee and the owners, contractors, and sales agents of the house, whereby the lighting fixtures were to be paid for when it was sold, with express provision that appellee could remove the same if the house was not sold within 90 days, or if the purchaser at an earlier sale desired cheaper fixtures, did not constitute a chattel mortgage within the purview of R. S. art. 5489; 55 C. J. 430, paragraph 417; 6 C. J. 1095, paragraph 8; 24 R. C. L. page 425, paragraphs 720–721; Lang et al. v. Rickmers et ux., 70 Tex. 109, 7 S. W. 527; Hall & Brown, etc., Co. v. Brown, 82 Tex. 470, 17 S. W. 715, 716; Oliver v. Gallagher, 119 Tex. 178, 26 S.W.(2d) 903; Farmers' Nat. Bank v. Henderson et al. (Tex. Civ. App.) 29 S. W. 562; 26 C. J. 679.

3. The appellant, having acquired his note and lien with full prior knowledge that the lighting fixtures were the property of the appellee, was not a subsequent purchaser, mortgagee, or lienholder in good faith, and even if the instrument were a chattel mortgage or conditional sales contract it would be binding on and admissible in evidence against him. R. S. art. 5489 and article 5490; Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S. W. 872; Neely-Harris-Cunningham Co. v. Lacy Bros. & Jones (Tex. Civ. App.) 152 S. W. 441; Oak Cliff College v. Armstrong (Tex. Civ. App.) 50 S. W. 610, 612; Lindig v. Johnson City State Bank (Tex. Com. App.) 41 S. W.(2d) 222, 223; Stewart & Alexander Lumber Co. v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 144 S. W. 343.

4. The filing by the appellee on September 8, 1932, of a materialman's lien for materials furnished on June 16 and 18, 1932, to appellant for use in the construction of a house situated on lot 4, block 52, River Oaks addition to the city of Houston, would create a valid and enforceable lien in this proceeding for the foreclosure thereof against the property therein described. R. S. art. 5452, and article 5453, as amended by Acts 1929, c. 478, § 1 (Vernon's Ann. Civ. St. art. 5453).

Further discussion is deemed unnecessary, and the judgment of the learned trial court has been affirmed.

Affirmed.