HOUSTON PRINTING COMPANY V. HONORABLE JAMES W. MCCLENDON, CHIEF JUSTICE, ET. AL.

No. 6108. Decided November 28, 1934.
Rehearing overruled January 30, 1935.
(76 S. W., 2d Series, 764.)

*Ben H. Powell,* of Austin, *W. M. Cleaves* and *Ross, Wood, Lawler & Wood,* of Houston, and *Winborn Pearce,* of Temple, for relator.

The non-action of the Court of Civil Appeals during the time certified question was pending would be insufficient for a basis for mandamus on the question which the court did not certify. There must be an active, definite and certain default. Kemp v. Wilkinson, 113 Texas, 491, 255 S. W., 912; Love v. Wilcox, 119 Texas, 256, 28 S. W. (2d) 515; 28 Texas Jur., 550.

*A. L. Curtis* and *C. C. Countess,* both of Belton, *DeWitt Bomar, M. M. White,* of Temple, *Hubbard, Dyer & Sorrell,* of Corpus Christi, and *Claude Pollard,* of Austin, for respondent Roy I. Tennant.

Relator having made no effort to secure the submission of the question which it now says is material until after the Supreme Court had answered the other question submitted to it, lost their right to now have the question submitted. McGhee v. Romatka, 92 Texas, 241, 47 S. W., 520; LaPrelle v. Key, 114 Texas, 1, 261 S. W., 366; Campbell v. Wiggins, 85 Texas, 451, 22 S. W., 5.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an original proceeding for mandamus, instituted in the Supreme Court by the relator, the Houston Printing Company, to compel the Court of Civil Appeals for the Third District to certify to the Supreme Court a certain law question involving a conflict of decision, as provided in Article 1855 of the Revised Statutes. The ruling of said court, giving rise to the conflict, occurred in connection with a judgment of affirmance rendered by said court on June 11, 1930, in the case of the Houston Printing Co. v. Roy Tennant (76 S. W. (2d) 762). On June 25, 1930, after said conflict arose, the relator, in due season, filed in said case a motion for rehearing, and as part of said motion duly moved the said court to certify to the Supreme Court, for decision, two distinct questions of law. One of said questions is the same as that upon which the conflict of decision had arisen and respecting which the present proceeding

for mandamus was instituted. The said Court of Civil Appeals, in response to the relator's said motion to certify, and soon after same was filed, duly certified to the Supreme Court the other question, but never at any time certified the question in respect to which the writ of mandamus is herein sought. On October 10, 1931, said Court of Civil Appeals, for the first time, made and entered a formal order expressly overruling the motion for rehearing and to certify, which the Printing Company had filed in said case in June, 1930. In the meantime, all the proceedings in the Supreme Court respecting the other question of law which had been certified to that court as stated, had transpired; all parties had been heard and the Supreme Court had duly answered said question unfavorably to this relator (120 Texas, 539, 39 S. W. (2d) 1089) and said answer had been duly transmitted to said Court of Civil Ap· peals. This application for mandamus was not made until after the order of October 10, 1931, above mentioned, was entered by said Court of Civil Appeals.

■ In our opinion the relator has lost, for lack of diligence, the privilege it once had to demand the certification of the question of law to which the present application relates. This conclusion is based primarily on the fact that, until after the other question which was certified had been heard and decided by the Supreme Court, the relator failed to invoke the jurisdiction of the latter court to compel the certification of the question here involved and which the relator now seeks to have certified. The means to compel the certification of this question were available to the relator during the entire period of time that the other question was pending in the Supreme Court for decision. That was the opportune time for the relator to invoke the mandamus remedy, in order that both questions might be decided by the Supreme Court in one proceeding. Failing, without legal excuse, to avail itself of the opportunity to invoke such remedy then, the relator will not be heard to invoke same now.

■ The relator insists, however, that during said period of time the Court of Civil Appeals for the Third District had not refused to certify the question with which we are presently concerned, consequently the remedy of mandamus was not then available to compel the certification of said question. This contention is overruled. It is quite true, as contended by counsel, that unless a Court of Civil Appeals in a given case has, upon proper request, refused to certify a question of law involved in

a conflict of decision, the writ of mandamus is not, in any event, available to compel the certification. Oliver v. Gallagher, 119 Texas, 178, 26 S. W. (2d) 903. However, it is not to be supposed that a formal order, expressly stating such refusal, is an essential prerequisite to the writ. The requirement in this respect is satisfied whenever the Court of Civil Appeals, as such, takes some action which definitely implies such refusal. This was the effect of the action of the Court of Civil Appeals, in the case of Printing Company v. Tennant, in certifying the question it did, under the circumstances it did.

For the reason stated, the writ of mandamus is refused.

Opinion adopted by the Supreme Court November 28, 1934.