### SAMUELS GLASS CO. OF CORPUS CHRISTI v. MARTIN.

No. 10718.

Court of Civil Appeals of Texas. San Antonio.

March 27, 1940.

H. J. Putman and R. C. Van Ness, both of Corpus Christi, for appellant.

O. Kennedy, of Beeville, for appellee.

SMITH, Chief Justice.

This appeal is from an order of the District Court of Bee County overruling the plea of privilege of Samuels Glass Company of Corpus Christi to be sued in Nueces County, in which it is domiciled.

The suit was brought by H. B. Martin against the Glass Company for alleged breach of a contract in the form of a written bid alleged to have been submitted by the Company to Martin and accepted by him. Martin sought to sustain venue in Bee County upon the ground that the Glass Company had agreed in writing to perform the obligation of the contract in that County, as provided in the fifth exception to the General Venue Statute, Art. 1995, as amended by the Acts of 1935, as follows: "5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1, Vernon's Ann.Civ.St. art. 1995, subd. 5.

It is contended by appellee that the written contract binding appellant to perform the obligations thereof in Bee County was as follows:

"Samuels Glass Company
    Of Corpus Christi, Texas
    Telephone 1453

"Salesman —— No. —— Date: 4–29–39
"Sold to Piggly-Wiggly Job
"Address: Beeville, Texas
"Ship by ——
"When Ship —— Terms: ——

| Quan. | Description | Price |
|---|---|---|
| | "All Steel Sash and Glazing | |
| | "All Structural Glass | |
| | "Stainless Steel Door Facing | |
| | "Awning Face Metal | |
| | "Plate Glass & Metal Sash | |
| | "All materials as per Plans and Specifications | $1130.00" |

Obviously, there is nothing in this writing obligating the Glass Company to deliver the articles described to anybody in

Beeville, or Bee County. Giving effect to an inference from the writing that the Glass Company "sold" the articles described to appellee or any other person, "address, Beeville," the instrument still falls far short of an express agreement upon the part of the Glass Company to deliver the articles to the purchaser at Beeville. Nor may such agreement result as a necessary implication from the written provision to sell the articles to a person whose address was Beeville. So far as the writing shows, the parties may have contemplated that the articles be shipped f. o. b. cars or trucks at Corpus Christi, the recited and admitted domicile of the seller. The record does not show such obligation on the part of appellant to perform in another county as would deprive it of its statutory privilege of being sued in its own bailiwick.

Appellee contends in his brief, for the first time, that venue lay in Bee County by virtue of the 23d exception to the venue statute, because a part of his cause of action against appellant, a corporation, arose in that county. But appellee did not set up that ground, or facts constituting it, in his controverting affidavit, and cannot raise it for the first time on appeal.

The judgment is reversed and the venue of the suit ordered changed to the 117th District Court of Nueces County, as provided in Art. 2020, R.S.1925, as amended by the Acts of 1933, 43d Leg., p. 546, ch. 177, Vernon's Ann.Civ.St. art. 2020.

Reversed with instructions.