**JOHNSTON et al. v. PERSONIUS.**

No. 12306.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1951.

Irving G. Mulitz, Houston, for appellant.

Harold Alberts, Corpus Christi, for appellee.

POPE, Justice.

Appellee, C. G. Personius, sued F. A. Johnston, Jr., and F. A. Johnston, Sr., in the County Court of Nueces County, for an alleged breach of a written contract to deliver to appellee a pre-fabricated house, and appellants have appealed from an order overruling their pleas of privilege to be sued in Harris County where they reside. Appellee's controverting affidavit to the pleas of privilege stated that appellee, Personius, sought recovery of damages for breach of the contract, and, in

the alternative, sought a refund of the amount appellee advanced on his contract. Appellee in the trial below and here relies upon Section 5 of Article 1995, Vernon's Ann.Civ.St., as the exception granting his right to sue appellants outside of their domicile. Appellants are entitled to defend the case in Harris rather than Nueces County unless, as the law plainly states, appellee shows that the appellants have "contracted in writing to perform an obligation in a particular county, expresssly naming such county, or a definite place therein, by such writing \* \* \*."

Appellee undertook to prove that appellants had executed such a writing and introduced in evidence a document signed by. the parties to this suit. This document consists of an .ineptly drawn form containing blanks, some of which are unfilled, and some of which are filled by the insertion of words that should properly be in other blanks on the form. It hardly states more than the names of the parties, the receipt of $100 down payment for the pre-fabricated house, an obligation to pay an additional $4,550 on terms not revealed by the document, and the address of the appellee. The first two sentences of the document contain everything upon which appellee may rely to constitute compliance with Section 5, and they state:

"This agreement made and entered into by and between the Delta Building Company of Corpus Christi, Texas, and C. G. Personius, Address 1603 Palm Dr. Phone 23168 of Corpus Christi, Texas.

"We, the Delta Buildings Company of Corpus Christi, Texas, in consideration of $4550.00, hereby agree to sell and deliver to the above mentioned 25 x 37 with offset who agrees to buy a pre-fabricated building size ———."

The obligation appellee relies upon as performable in Nueces County is the one to deliver the building, for the breach of which he seeks damages, but we do not find an express provision in the con-

tract fixing Neuces County as the place for performance. Accord, Johnston v. Bracht, Tex.Civ.App., 237 S.W.2d 364. The place of performance of a contract is not fixed by the statement of a promisee's address. Samuels Glass Co. of Corpus Christi v. Martin, Tex.Civ.App., 138 S.W. 2d 1103. To paraphrase the opinion in Pack v. Dittlinger & Dare, Tex.Civ.App., 136 S.W.2d 636: The mere designation by name of the promisee and statement of the town and state in which he resides cannot be construed as promising performance at that address rather than elsewhere.

Prior to 1935 some conflicting opinions and much uncertainty developed under the contract exception to the venue rule, and the statute was re-written to remedy that condition. By forceful words the amended statute provided that a defendant should be sued in his own domicile unless a written contract expressly named a particular county or a place therein as the place for performance. Surmise, extraneous evidence, and implications were thus sought to be avoided. 17 Tex.Law Rev. 233.

We have before us an obscure and carelessly drawn contract, which only by implication fixes the place of performance in Nueces County, and a statute which is clear in its mandate that the place of performance must be written into the contract *expressly*. In appraising the purpose of the statute, the Supreme Court has said: "By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication." Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611. *For us to indulge in implications* will again open the road that leads to venue vagaries and uncertainties. We hold the statute means exactly what it says.

The judgment is reversed and the cause is ordered transferred to Harris County.