**Joe WILLIAMS, Appellant,**

v.

**John E. JAMES, Appellee.**

**No. 15868.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 20, 1957.

RENFRO, Justice.

This is an appeal from an order of the District Court of Bexar County sustaining the plea of privilege of defendant John E. James to be sued in Harris County, his domicile.

The suit was for a balance due for architectural fees.

Plaintiff Williams sought to maintain venue in Bexar County under subdivision 5 of Art. 1995, Vernon's Ann.Civ.St., by virtue of the following instrument:

"Mr. Joe L. Williams       June 7, 1956
"918 Manor Drive
"San Antonio, Texas
"Dear Mr. Williams:
"This letter will serve as authorization for you to perform the necessary architectural service for my residence in Houston Texas. The fee will not exceed a maximum of $6,000.00 and in the event that it is mutually agreed upon that certain services are not necessary, the fee will be reduced accordingly as recommended by the A. I. A. fee schedule.
       "Sincerely,
       "John E. James."

Subdivision 5, as amended by the 44th Legislature in 1935, reads as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Under the statute, for plaintiff to sustain venue in Bexar County, the instrument relied upon must have expressly named Bexar County or a definite place therein where defendant was to make the payments. Martin v. McKenzie, Tex.Civ. App., 242 S.W.2d 960.

Lieck & Lieck, and Charles Lieck, Jr., San Antonio, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, and Robert M. Welch, Jr., Houston, for appellee.

The language of subdivision 5 was made so plain by the 1935 amendment "as to admit of no construction that would fix venue by implication." Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611.

The instrument in question did not by express language designate a place at which defendant was to make the payments to plaintiff.

That the instrument was addressed to Joe Williams, San Antonio, Texas, is not sufficient to show a promise to pay or perform in Bexar County or at a definite place in said county. Nutt v. Cottingham, Tex.Civ.App., 242 S.W.2d 826; Johnston v. Personius, Tex.Civ.App., 242 S.W.2d 471; Samuels Glass Co. of Corpus Christi v. Martin, Tex.Civ.App., 138 S.W.2d 1103.

Since the written instrument was silent as to place of payment, subdivision 5 was not applicable and the trial court properly sustained the defendant's plea to be sued in the county of his domicile.

Affirmed.