**S. E. TYSON, d/b/a Tyson Construction Company and/or Tyson Steel Building Company, Appellant,**

**v.**

**SEAPORT GRAIN, INC., Appellee.**

**No. 106.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 18, 1965.

Rehearing Denied April 8, 1965.

Elvin E. Tackett, of Tackett & Martin, Fort Worth, for appellant.

John C. North, Jr., of North, Blackmon & White, Corpus Christi, for appellee.

NYE, Justice.

S. E. Tyson, d/b/a Tyson Construction Company and/or Tyson Steel Building Company, has appealed from an order overruling his plea of privilege.

The suit was filed in Nueces County by Seaport Grain, Inc., seeking damages for an alleged breach of a written contract. Following the filing of appellant's plea of privilege to be sued in Tarrant County, Texas, the county of his residence, appellee filed its controverting plea in which it alleged that venue properly lies in Nueces County under the terms of Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St. The parties entered into a written contract dated August 30, 1961, purportedly for the erection of a steel grain storage building in Corpus Christi, Texas. The execution of the contract is admitted by all parties. The building was completed and accepted by appellee.

The appellee filed suit against the appellant alleging in its petition that the appellant constructed an all-steel grain storage building in Corpus Christi, Nueces County, Texas, but that because of the use of faulty materials and/or defective workmanship, the building was entirely unsuitable for the purpose of storing and handling grain. Appellee specifically alleges that it was damaged because cracks appeared in a tunnel running underneath the building; that the walls and roof of the building leaked; and that the elevator and hopper pits were inadequately designed, making it necessary to remove and to replace the conveyor machinery and make other alterations.

The only question presented by this appeal is whether the trial court erred in finding that S. E. Tyson, d/b/a Tyson Construction Company, and/or Tyson Steel Building Company, had agreed in writing to undertake the obligation of erecting and constructing the grain storage building in Nueces County. Appellant elaborates on this question with four points in this appeal.

Appellant's points 1 and 2 in substance complain that the trial court erred in overruling the plea of privilege for the reason that the written contract between the parties did not expressly obligate the appellant to perform in Nueces County and that only by implication, inference and innuendo could the trial court find any obligation on the part of the appellant to perform in Nueces County.

Subdivision 5 of Article 1995, V.A.T.S., states:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The subdivision, not only requires proof of the contract in writing, but such contract must designate a particular county or expressly name such county or a definite place therein for the performance of the obligation. This does not necessarily mean that the county or place is to be designated by name or that the contract specifically, in so many words, require a particular spelled-out obligation, but it is sufficient if when the contract is read from its four corners, it clearly shows that the venue of performance lies in such county.

The subject written contract does not specifically, in so many words, state that S. E. Tyson, d/b/a Tyson Construction Company and/or Tyson Steel Building Company, is to erect and build a grain storage building in Nueces County. However, this contract, when read from its four corners, plainly indicates that the venue of performance obligates the ap-

pellant to erect, install and complete the steel building in Nueces County, Texas. The contract is in letter-form. The pertinent portions of it read as follows:

"Tyson Steel Building Company
Constructors-Engineers
3410 Camp Bowie Blvd.
Fort Worth, Texas

8/30/61

Seaboard Grain Inc.
Corpus Christi, Texas

Att. Mr. M. D. Jaffe
Mr. N. P. Kendricks

We are pleased to submit our contract for the purchase of an Inland Steel building to be *located at Corpus Christi, Texas* more completely described as follows:

One (1) 100' wide x 420' long Inland all steel grain building with 20' high sidewalls; roof pitch to be 6/12 and building to be clear span. Rigid frames *are located* on 20' centers with intermediate frames *located* between each rigid frame to eave line. Covering to be 26 gage galvanized Inland extra strength high rib roof and wall panels. A weather seal mastic will be used on all roof and wall panels to insure a weather proof building.

Building to have the following accessories:

Twenty one (21) 20' ventilators with dampers & screens
Two ( 2) Interior cross partitions to eave line with opening of 4' x 7' with bulkhead
One ( 1) 16' x 13' double slide door with bulkhead
Two ( 2) 2' wide x 3'6" high Gable access door with platforms and ladder
Four ( 4) 4' x 4' Gable louvers with bird screen, adjustable (endwalls)

1. Grain handling equipment is part of this contract, see specifications attached to this contract, which are a part of this contract. *All equipment installed.*

2. Aeration equipment is part of this contract, see specifications attached. *This equipment installed* see plans.

3. Concrete work is part of this contract. Foundation to have ninety-six piers, four inch slab (floating), five x six tunnel, and concrete pits. See plans for *complete concrete work.*

4. This contract includes an allowance of $20,000.00 for Railroad scales and a $10,000.00 allowance for truck scales and office building. Buyer to be paid this $30,000.00 by Tyson Steel Building Co. *on completion of building* and receiving final payment from Inland Steel Products Co.

5. Electrical work is part of this contract, three phase 220/440, see plans. *All electrical work complete.*

6.  *Excavation, concrete pits and tunnel* are part of this contract see plans.

8.  *Work is to commence* not later than seven (7) days after final approval of this contract by Inland Steel Products Co. *Build-* SET        & equipment 8/31/61 *ing/ to be completed* within 45 working days after commencement of work. Grain moving and handling equipment *to be com-* 45 working days     SET *pleted and installed* ~~as fast as reasonably possible~~. Seller not to be responsible for delays in deliveries due to fires, strikes, lockouts and other labor trouble, car shortage, embargoes, transportation delays, floods, Acts of God or other contingencies beyond Seller's control. Seller not to be responsible for delays due to weather conditions which render *steel erection work or fabrication work* impossible, impractical, or dangerous.

Sellers Insurance: *The Seller shall obtain Workmen's Compensation Insurance Covering all workmen on the work covered by this contract,* and also Public Liability Insurance. Certificates of such Insurance shall be filed with buyer if he so request.

Clean Up: The seller shall, *at the completion of the work,* remove from the premises all rubbish, implements, surplus materials and leave the building clean.

This quotation is based on the following considerations:

*Seller to fabricate metal shed* to cover railroad unloading pit, railroad where pit joins railroad and truck pit. Shed to be fabricated of used pipe and new galvanized sheet steel. Aeartion tunnel to have metal covers at each end.

Concrete slab to be four inch (4″) to have poly ethelyne membrane placed on top of cushion sand to insure water proofing, before pouring concrete.

The Inland all *steel grain building to be guaranteed for a period of one year against faulty material and workmen ship,* from date of completion.

Price:   F. O. B. *site and erected on completed concrete foundation and completed concrete floor* ................................. $238,000.00

Down payment of $50,000.00 with order Personal guarantee of $75,000.00 from Mr. W. D. Jaffe.

Terms:   Inland extended payment plan.

Balance to be paid in twenty (20) consecutive quarterly installments of $12,192.74 each. This contract is subject to final approval by Inland Steel Products Co. and First Acceptance Corp. First Quarter installment due March 20th. 1962.

Tyson Steel Building Co. will not be responsible for any pipe lines or gas lines not shown on plot plan. The Inland Steel building to be located by buyer. Buyer to move, at buyer's expense, any pipe lines, gas lines or

easements for pipe lines or utilities not shown on plot plan, and seller not to be responsible for any delay caused by such moving.

Cordially yours,

TYSON STEEL BUILDINGS CO.

/s/___S. E. Tyson_____

The above proposal is accepted

Acceptance date___8/30/61___    HOME OFFICE ACCEPTANCE

SEABOARD GRAIN INC.    TYSON STEEL BUILDINGS CO. 8/30/61
           Buyer

By /s/_N. P. Kendrick___    /s/___S. E. Tyson_____ Owner_____
       President                        Title         "
               Title

(Emphasis supplied)

---

Insofar as this case is concerned the question may be broken down into two parts: 1) Did the contract expressly name a county or a definite place therein? and 2) Was appellant required to perform an obligation sued on in such county?

The contract does not name Nueces County. It is, of course, sufficient to name a definite place therein. The first provision of the contract states that the appellees have purchased "an Inland steel building to be located at Corpus Christi, Texas." The subject contract was addressed to the appellee at Corpus Christi, Texas. The court can take judicial notice that Corpus Christi is in Nueces County and is in fact the county seat of Nueces County, Texas. North Texas Tank Co. v. I. M. Pittman, 290 S.W.2d 724, (Tex.Civ.App. 1956); Houston Heating & Air Conditioning, Inc. v. Semands, 318 S.W.2d 777, (Tex. Civ.App.1958, err. dism.). In the case of Butler, Williams & Jones v. R. H. Goodrich, 288 S.W.2d 887 (Tex.Civ.App.1956, err. dism.) the court held that a written contract which referred to the place as "your residence below Navasota" was sufficient to maintain venue in Waller County when the undisputed evidence placed such residence in Waller County. Harrison v. Nueces Royalty Co., 163 S.W.2d 244 (Tex. Civ.App.1942, err. dism.); Port Iron &

Supply Co. v. Casualty Underwriters, 118 S.W.2d 627, (Tex.Civ.App.1938). The contract is "based on the following considerations:"—

"Price: F.O.B. site and erected on completed concrete foundation and completed concrete floor . . . $238,000.00."

The term "F.O.B." is an abbreviation for "free on board", and means that seller will deliver the subject matter contracted for, on a certain conveyance, without expense to buyer. Black's Law Dictionary, 4th Edition; Russell & Co. v. F. W. Heitmann & Co., 86 S.W. 75 at 76 (Tex.Civ. App.1905, wr. ref.); Barnett & Record Co. v. Fall, 62 Tex.Civ.App. 391, 131 S.W. 644 at 649 (1910). The quoted section above requires the appellant, for valuable consideration, to deliver without expense to the appellee at the site ("Corpus Christi, Texas") and to erect (* * * to be located) and complete the concrete foundation and concrete floor for $238,000.00. This section, when viewed from the four corners of the contract clearly indicates to us, not only an obligation to be performed, but a definite place, i. e., Corpus Christi (Nueces County), Texas.

Our next consideration: Was appellant required to perform an obligation in such County? As stated in McKenzie Construc-

tion Company v. Pittman, 288 S.W.2d 527 (Tex.Civ.App.1956, err. dism.)

"It is plain from reading this subdivision (subdivision 5, Art. 1995) that the contract must expressly provide that the obligation which is the basis of the suit is to be performed in the county of the suit, but such subdivision does not provide that the obligation must be expressly provided for in the written contract. It is sufficient if such obligation is impliedly provided for within the four corners of the contract."

Referring to the pertinent portions of the contract outlined above (see italicized emphasis) we find from the four corners such obligation. First, appellant was "Constructor and Engineer." In describing the building he says: "rigid frames are located on 20' centers with intermediate frames," and "located by each rigid frame to eave line." "Located" here means to construct or erect the same as in the first paragraph, where the contract says: "building to be located (constructed or erected) at Corpus Christi, Texas." In paragraphs 1, 2, 3, 5 and 6, the contract calls for "equipment to be installed"; * * * "concrete and electrical work to be completed"; * * * and for * * * "excavation of pits and tunnel." Paragraph 8 states that * * * "work is to commence not later than seven days after final approval of this contract"; * * * "Building and equipment to be completed within forty five days after commencement of work"; * * * "Grain moving and handling equipment to be completed and installed * * * 45 working days." At another place in paragraph 8 * * * "Seller shall not be responsible for delays * * * which renders steel erection work or fabrication work impossible, * * *." At another place in the contract: the appellant was required to obtain workmen's compensation insurance covering all workmen on work covered by the contract; and upon completion of the work appellant was to leave the building clean. Still at another place, appellant was to fabricate the cover shed to cover the railroad unloading pit and to provide for metal covers at either end of the aeration tunnel. Appellant guaranteed the Inland all steel grain building for a period of one year against faulty material and workmanship from date of completion.

We hold that the contract clearly expresses obligations to be performed which are the basis of the appellee's suit. The obligations of the appellant to construct an all steel grain storage building are expressly and impliedly provided for by the subject contract. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942); McKenzie Construction v. Pittman, supra. See 97 A.L.R.2d page 966 IV § 13 (Texas cases) to page 990.

Appellant argues that in the last paragraph there is a provision calling for the building to be located by buyer. This paragraph clearly denotes that the appellant was avoiding responsibility for any pipe or gas lines not shown on the plot plan and that if there were any such lines or utilities not so shown, the appellee was required at his expense to move such impediments and that appellant would not be responsible for any delay caused by such moving. The responsibility for selection of the placement of the building so as to not interfere with certain obstructions, was with the appellee. There isn't any actual dispute as to the fact that the building was erected on Upriver Road in Corpus Christi, Nueces County, Texas, because the appellant orally admitted that such was fact.

Appellant's points 1 and 2 are overruled.

■ Appellant's third and fourth points state that the appellee did not bring a suit seeking compliance with any obligation of the appellant reflected by the agreement between the parties and that the contract was actually completed in Tarrant County. It was said in the case of Petroleum Pro-

ducers Co. v. Steffens, supra, by the Commission of Appeals, in an opinion adopted by the Supreme Court, the following:

"It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county— the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. (authorities)."

The germane complaints of appellee's petition for damages are set forth in the first part of this opinion. They disclose that they are based on an obligation to be performed in Nueces County. The contract does not state where the contract was actually completed, nor is this important under the facts before us. The trial court, to determine the venue question, was not required to find that appellee had established a prima facie cause of action but only that it had brought suit on an obligation appellant had contracted in writing to perform in Nueces County. Baker & Taylor Drilling Co. v. Blanchard Drilling Co., 363 S.W.2d 818 (Tex.Civ. App.1962). We find that appellant's petition meets the test set forth in the Petroleum Producers Co. case. Appellant's points 3 and 4 are overruled.

We conclude that the facts show that venue as prescribed in Subdivision 5, Art. 1995, lies in Nueces County and that the trial court has correctly overruled the appellant's plea of privilege.

The judgment is affirmed.