James C. MARTIN, Appellant,

v.

Mrs. Amy Ann ALLEN, Appellee.

No. 15163.

Court of Civil Appeals of Texas, San Antonio.

March 21, 1973.

Rehearing Overruled April 18, 1973.

Walter Groce, James C. Martin, Corpus Christi, for appellant.

Trueheart, McMillan, Russell & Hoffman, C. W. Trueheart, San Antonio, for appellee.

BARROW, Chief Justice.

This is a venue action involving Subdiv. 5,[1] of Article 1995, Vernon's Tex.Rev.Civ. Stat.Ann. Appellee brought this suit in Bexar County for specific performance to compel appellant to convey to her a certain lot in Corpus Christi, Texas, which appellant had bought at a tax sale, and for damages. The trial court overruled appellant's plea of privilege to be sued in Nueces County, the county of his residence, and this appeal has been perfected.

Venue is sought to be maintained in Bexar County based upon a letter of June 29, 1972, from appellant to appellee's attorney. This letter is addressed to appellee's attorney at his address in the National Bank of Commerce Building, San Antonio, Texas, and provides in part: "Upon receipt of the corrected amount of $2,202.54 I will be happy to forward to you a Special Warranty Deed for Mrs. Allen." Appellee urges that appellant thereby agreed to forward the deed to said attorney, at his office in San Antonio. It is seen that although the letter does not expressly name where the deed is to be forwarded, it is a fair *implication* to be drawn from said letter that it will be forwarded to appellee's attorney at his office.

■ It is now settled law that venue may not now be fixed under this subdivision by implication. In Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611 (1948), the Supreme Court considered the effect of the 1935 amendment and held: "The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication."

■ Appellant did not agree in said letter of June 29, 1972, to forward the deed to Bexar County or a definite place therein; and therefore, venue cannot be maintained in Bexar County under Subdiv. 5. See, also, Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Bryan v. Williams, 408 S.W.2d 798 (Tex.Civ.App.— San Antonio 1966, no writ); Johnston v. Personius, 242 S.W.2d 471 (Tex.Civ.App.— San Antonio 1951, no writ).

Since appellant did not promise in said letter to forward the deed "to San Antonio" or "to your office," the rule followed in Covington-Compton Co., Inc. v. Medina Agriculture Products, Inc., 425 S.W.2d 694 (Tex.Civ.App.—San Antonio 1968, no writ); Lebow v. Weiner, 420 S.W.2d 755 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ); and Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd) has no application.

The order overruling appellant's plea of privilege is reversed and the cause remanded to the trial court with instructions to transfer this cause to Nueces County, Texas.

1. Subdiv. 5, as amended in 1935, provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."