**W. S. CONNER et al., Appellants,**

v.

**T,he PRESCON CORPORATION, Appellee.**

**No. 795.**

Court of Civil Appeals of Texas, Corpus Christi.

July 31, 1973.

Roger Butler, Corpus Christi, for appellants.

Harris, Cook & Browning, F. Edward Barker, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a venue case which involves Subdivision 5, Article 1995, Vernon's Ann.Civ.St. The Prescon Corporation filed suit in the District Court of Nueces County, Texas, against W. S. W. Construction Company, Inc., and "W. S. Conner, et al, individually d/b/a A–1 Foundations, and/or A–1 Foundations, Inc.". Among other allegations, it was alleged that W. S. Conner, either "d/b/a A–1 Foundations or as agent for A–1 Foundations, Inc.," agreed in writing that in exchange for the promise by The Prescon Corporation that it would not file liens on certain construction jobs that "both he and his company" would pay to plaintiff, in Nueces County, Texas, the indebtedness due plaintiff from W. S. W. Construction Company, Inc.

W. S. Conner, "individually, d/b/a A–1 Foundations", filed a plea of privilege to be sued in Travis County, Texas, where he resided and was domiciled. The trial court, after a non-jury hearing, overruled the plea of privilege. W. S. Conner has appealed.

At all times pertinent to this appeal, W. S. Conner, hereinafter called defendant, was represented by Mr. Wroe Owens, an attorney in Austin, Texas. The Prescon Corporation, hereinafter called plaintiff, was, at all such times, represented by Mr. James R. Harris, an attorney in Corpus Christi, Texas.

The record reveals that W. S. W. Construction Company, Inc. was in financial difficulties, which were discussed by and between Mr. Owens and Mr. Harris over the telephone. Mr. Harris, in substance, testified that as a result of their telephone conference it was agreed that the defendant would pay the debt of W. S. W. Construction Company, Inc., in consideration of plaintiff's refraining from the filing of liens on certain properties owned by W. S. W. Construction Company, Inc. Plaintiff contends that a letter, dated October 15, 1971, which was written by Mr. Owens to Mr. Harris, was "an amplification" of the oral agreement worked out on the telephone between Mr. Owens and Mr. Harris. That letter, upon which plaintiff relies as being sufficient to retain venue in Nueces County under Subdivision 5 with respect to the defendant, W. S. Conner, reads as follows:

"Mr. James R. Harris
Post Office Box 1901
Corpus Christi, Texas 78403

Re: A–1 Foundations, Inc.

Dear Jim:

Mr. W. S. Conner, President of A–1 Foundations, Inc., has agreed to the following payment schedule without determination of liens, etc., or the waiver of any rights by you or his company.

He has agreed that A–1 Foundations, Inc. will pay you at this time $2,608.18, and the company's check for that amount is enclosed. On or before November 15th, you will be paid the July invoices totaling $2,913.50. On or before December 15th, you will be paid the August 25th and September 1st invoices totaling $2,246.50 and on or before January 15th, 1972, you will be paid the amount of $2,276.50 which he advises me is an equipment matter.

According to the information furnished me this should liquidate all matters in controversy, as current purchases have been and are being paid for as received.

I hope this meets with your approval and trust that the earnings of the company will permit their fulfillment of the payment schedule.

Sincerely yours,

/s/ Wroe Owens

Wroe Owens"

The $2,608.18 payment was made; the others were not. Liens were not perfected against the W. S. W. Construction Company, Inc. properties.

Plaintiff relies on Oliver v. Gallagher, 119 Tex. 178, 26 S.W.2d 903 (1930); Pittman & Harrison Co. v. B. F. Robey & Co., 234 S.W. 1114 (Tex.Civ.App.—Dallas 1921); Vinson v. Horton, 207 S.W.2d 432 (Tex.Civ.App.—Texarkana 1947, n. w h.); and Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd). It argues that the language in the letter of October 15, 1971 is legally sufficient to satisfy the requirements of Subdivision 5 to hold venue in Nueces County, "in that even though the contract does not designate the county or a definite place therein by name or specifically in so many words (other than at the address of Mr. Harris, the attorney of record for the Prescon Corporation), it clearly shows that when the contract is read from its four corners, that its performance can only lie in Nueces County and therefore, venue lies in Nueces County". We do not agree.

Prior to 1935, a great deal of uncertainty existed with respect to the contract exception to the venue rule under the then existing Subdivision 5 of the venue statute. It was amended by the Acts of 1935, 44th

Legislature, p. 503, ch. 213, Section 1. Under the subdivision of the statute as it existed at the time of the amendment, it was not imperative that the contract should by express terms provide for performance in a particular county, and it was sufficient to hold venue in the county where suit was brought if the legal effect and purport of the written instrument was that the obligation arising out of the instrument and sued upon should be performed in that county. The statute was amended to remedy that situation. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952); 14 Tex.L. Rev. 566; 16 Tex.Law Rev. 128; 17 Tex. Law Rev. 233. The caption to the amendment distinctly pointed out that the county, or a definite place therein, for the performance of the obligation sued on must be *expressly* named in the writing itself.

Both the Gallagher and Pittman cases were decided before the 1935 amendment. In the Vinson case, the written confirmation of the contract provided that the corn was to be delivered at Greenville, Texas. It was judicially noticed that the City of Greenville was in Hunt County. The Court, in sustaining venue in Hunt County, held that "the contract not specifying the time and place of payment for the corn, the law presumes that it was to be paid for at the point of delivery when made." The factual situation presented in this appeal is different from that of the Vinson case. This Court, in *Tyson,* a suit for damages for breach of contract, had before it a written contract that did not expressly name Nueces County as the place of performance, but did provide for the purchase, construction, and erection of a building "to be located at Corpus Christi, Texas". It was there held that "this contract, when read from its four corners, plainly indicates that the venue of performance obligates the appellant to erect, install and complete the steel building in Nueces County, Texas". Here, the contract does not expressly name Nueces County, or any place therein, as the place where defendant is required to perform the obligation upon which he is sued.

■ It is now settled that Subdivision 5, as amended, clearly provides that a defendant is entitled to be sued in his own domicile unless a written contract (out of which the obligation arose) expressly named a particular county or a definite place therein as the place for performance. Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.); A & S Steel Buildings, Inc. v. Burk, 390 S.W.2d 401 (Tex. Civ.App.—Amarillo 1965, n. w. h.); Cottingham Bearings & Service, Inc. v. T. L. Brice Co., 342 S.W.2d 597 (Tex.Civ.App. —Dallas 1961, n. w. h.); W. T. Rawleigh Co. v. Karnes, 103 S.W.2d 431 (Tex.Civ. App.—Texarkana 1937, n. w. h.). ". . . the addition of the word 'expressly' to the statute, in stating the requirements for fixing venue, was meant to exclude all implications. . . ." Rogers v. Waters, 262 S.W.2d 521 (Tex.Civ.App. —San Antonio 1953, n. w. h.). Venue under Subdivision 5, as presently constituted, cannot be fixed by implication. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948).

■ Assuming, but not deciding, that defendant personally agreed in writing to pay the debt of W. S. W. Construction Company, Inc., in order to sustain venue in Nueces County as to the defendant, W. S. Conner, the letter itself must have *expressly* named that county or some definite place therein where he was required to perform the obligation sought to be enforced against him. It did not so provide. The fact that the letter was addressed to the attorney for plaintiff at the attorney's post office address in Corpus Christi, Texas, does not constitute a promise by W. S. Conner to make the payments set out therein at Corpus Christi, which we judicially know is a definite place in Nueces County. Martin v. Allen, 494 S.W.2d 585 (Tex.Civ.App.—San Antonio 1973, n. w. h.); Johnston v. Personius, 242 S.W.2d 471 (Tex.Civ.App.—San Antonio 1951, n. w. h.).

Accordingly, defendant's first point is sustained. The judgment of the trial court is reversed, the cause is severed as to W. S. Conner, and the cause with respect to W. S. Conner is ordered transferred to a District Court of Travis County, Texas.

Reversed and rendered.