Clyde SKEEN, Appellant,

v.

I. M. MOUSER, trading and d/b/a Black's Refrigeration, Heating and Air Conditioning, Appellee.

No. 5507.

Court of Civil Appeals of Texas, Waco.

Nov. 26, 1975.

Geary, Brice, Barron & Stahl, Mark C. Clements, Dallas, for appellant.

Kuhn, Collins & Rash, Rip Collins, Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Skeen from an order overruling his plea of privilege.

Plaintiff Mouser (d/b/a Refrigeration, Heating and Air Conditioning) sued defendants Argonaut Insurance Company, McClellan-Thomas, Inc., and Clyde Skeen; alleging plaintiff was subcontractor of McClellan-Thomas, Inc., to furnish labor and materials for air conditioning work at Woodcreek development in Wimberley, Texas; that Skeen was a principal; that Argonaut was surety on payment bond for McClellan-Thomas and Skeen; that defendants were obligated to plaintiff for $13,371.91 for labor and material. Plaintiff sought judgment against defendants for the $13,371.91 plus interest and attorneys' fees.

Defendant Skeen filed plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff controverted asserting venue against McClellan-Thomas, Inc., under Subdivision 23 or 27 Article 1995, and against Skeen under Subdivision 29a, Article 1995.

The trial court overruled defendant Skeen's plea of privilege.

Skeen appeals on one point: "The trial court erred in holding that venue of this suit as to appellant is in Hays County by virtue of Subdivision 29a, Article 1995 VATS, because appellant is not a necessary party to the suit by appellee against McClellan-Thomas, Inc."

Plaintiff Mouser, an air conditioning subcontractor, sued McClellan-Thomas, Inc., contractor, Skeen, and Argonaut (surety on payment bond) in Hays County, for moneys due plaintiff on the air conditioning subcontract. Skeen filed his plea of privilege to be sued in Dallas County. Plaintiff established venue as to McClellan-Thomas, Inc., and sought to maintain venue against Skeen under Subdivision 29a, alleging him to be a necessary party.

Subdivision 29a provides that when there are 2 or more defendants in a suit, and such suit is lawfully maintainable in the county of suit against any of such defendants, then such suit may be maintained against all necessary parties thereto.

Plaintiff could obtain full relief in his suit against McClellan-Thomas, Inc., and Argonaut. Thus defendant Skeen is not a necessary party within the meaning of Subdivision 29a, and is entitled to be sued in the county of his residence. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758; *Mims v. East Texas Production Credit Assn.*, Tex. Civ.App., Er.Dismd., 496 S.W.2d 682.

The trial court erred in overruling Skeen's plea of privilege.

Defendant Skeen's point is sustained.

The order is reversed and remanded to the trial court with instructions to transfer the case as to Skeen to Dallas County.

Reversed and remanded.