**MAYNARD HILL, INC., and Alenco, Appellants,**

v.

**Goodhue W. SMITH, Appellee.**

No. 5525.

Court of Civil Appeals of Texas, Waco.

March 4, 1976.

Goode & Hoelscher, College Station, Thompson, Knight, Simmons & Bullion, George C. Chapman, Stephen F. Fink, Dallas, for appellants.

Minor L. Helm, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Maynard Hill, Inc., and Alenco, from order overruling their pleas of privilege.

Plaintiff Smith sued defendants Maynard Hill and Alenco, alleging plaintiff is building a home in Waco McLennan County; entered into an agreement with Harry Trippett to act as general contractor; that Trippett contracted with Maynard Hill to provide doors, windows and related fixtures for plaintiff's home; that Maynard Hill contracted with Alenco to manufacture and

supply the doors and windows to be shipped to Waco; that Alenco agreed such doors and windows would be delivered to the construction site in Waco on or before December 10, 1973; that as of June 14, 1974 many of the doors and windows have not been delivered; and nearly all of the items shipped were defective; to plaintiff's damage of $15,000. Defendants, Maynard Hill and Alenco filed pleas of privilege to be sued in Brazos County, the county of their residence.

Plaintiff controverted Maynard Hill's plea of privilege, asserting venue in McLennan County under Subdivisions 5 and 23, Article 1995 (VATS); and controverted Alenco's plea of privilege (asserting venue against Maynard Hill under Subdivisions 5 and 23), that Alenco was a necessary party, and venue maintainable in McLennan County under Subdivision 29a, Article 1995.

The trial court overruled both pleas of privilege.

Both defendants appeal contending:

1) Plaintiff failed to prove venue as to Maynard Hill in McLennan County under Subdivision 5, Article 1995.

2) Plaintiff failed to prove venue as to Maynard Hill in McLennan County under Subdivision 23, Article 1995.

3) Plaintiff failed to plead and prove the agency relationship between him and Trippett that would be a part of his cause of action to sustain venue under Subdivision 23, Article 1995.

Additionally Alenco contends:

4) Plaintiff failed to prove Alenco is a necessary party within the meaning of Subdivision 29a, Article 1995.

"The Contract reads:

"Maynard Hill Inc.
  "Representing Quality Building Products
    Post Office Box 3887, Bryan, Tex. 77801
"To: Mr. Harry Trippett      Date: July 24, 1973
    3722 Chateau St.          Project: Smith residence
    Waco, Texas 76710         Location: Waco, Texas
    *  *  *  *                 *  *  *  *

"We propose to furnish items as described, at prices stated; and, unless otherwise specified by us, under our regular conditions and terms of acceptance, which are given on the reverse side of this quotation. "Aluminum Windows and Aluminum Sliding Glass Doors.
*  *  *  *  *

"Total amount of materials only $7,613.00
*  *  *  *  *

"Confirmation: all contracts, amendments and proposals are subject to approval of and acceptance by our Home Office at Bryan, Texas.

                              "MAYNARD HILL, INC.,
                              By /s/ Charles Benbow
                                  Sales Representative

"The above proposal is
accepted subject to approval
of shop drawings:
/s/ Harry Trippett 7–26–73

                    *  *  *  *  *  *

"Deliveries: Promises of delivery are given as accurately as conditions will permit, but we do not guarantee to accomplish shipments on date or dates mentioned.

                    *  *  *  *  *  *"

The evidence shows the contract was accepted by Maynard Hill's home office in Bryan.

Contention 1 asserts plaintiff failed to establish venue as to Maynard Hill in McLennan County under Subdivision 5, Article 1995.

Article 1995 (Subdivision 5) provides: "No person * * * shall be sued out of the county in which he has his domicile except * * *: If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, * * * in such county * * *."

■ The contract executed by Maynard Hill does not _expressly_ state that the windows and doors are to be delivered to Waco or McLennan County. It states that they are to be "furnished" * * *. The contract is addressed to Mr. Harry Trippett in Waco, and recites "Project: Smith Residence, Location: Waco, Texas", but nowhere _expressly_ agrees to deliver the building materials to such project or to Waco. The only way Maynard Hill can be said to have agreed in the contract to deliver the materials to Waco would be by _implication,_ and venue under subdivision 5, cannot be fixed by implication, _Bowden v. Murphy,_ Tex.Civ.App. (Waco) NWH, 448 S.W.2d 183; _Saigh v. Monteith,_ 147 Tex. 341, 215 S.W.2d 610; _Thomas v. Oil Belt Supply Co.,_ Tex. Civ.App. (Eastland) NWH, 375 S.W.2d 527; _Johnston v. Personius,_ Tex.Civ.App. (San Antonio) NWH, 242 S.W.2d 471; _Williams v. James,_ Tex.Civ.App. (Ft. Worth) NWH, 308 S.W.2d 528; _Harkness v. Employers National Ins. Co.,_ S.Ct., 502 S.W.2d 670.

Contention 1 is sustained.

Contention 3 asserts plaintiff failed to _plead and prove_ the agency relationship between him and Trippett that would be a part of his cause of action to sustain venue under Subdivision 23.

Plaintiff plead that he was building a home; had entered an agreement with Trippett to act as general contractor; that Trippett contracted with Maynard Hill to provide the windows and doors; which were delivered late and in defective condition; to plaintiff's damage.

Smith testified he was building a home in Waco; that he contracted with Trippett to be contractor; that he (Smith) was to pay Trippett a fixed fee, and pay for all labor and material; that he (Smith) and Trippett went to Bryan to buy windows and doors; that Maynard Hill contracted with Trippett to furnish the windows and doors; _that he (Smith) saw and approved the contract before it was executed; that Trippett signed the contract with Maynard Hill "for me" (Smith);_ that the materials were late in delivery, and almost all were defective.

■ A cost plus building contract does not make the contractor the owner's agent to purchase material as a matter of law, but one may be both independent contractor and owner's agent to purchase material, if the facts warrant such. _Carruth v. Valley Ready-Mix Concrete Co.,_ Tex.Civ.App. (Eastland) Er.Ref., 221 S.W.2d 584.

■ There was no exception filed to plaintiff's pleading; and the evidence clearly establishes Trippett to be plaintiff's agent for the purpose of contracting for the material with Maynard Hill.

Contention 3 is overruled.

Contention 2 asserts plaintiff failed to prove venue as to Maynard Hill under Subdivision 23.

■ Subdivision 23 permits a private corporation to be sued in any "county in which the cause of action or part thereof arose". This means that either some part of the transaction creating the primary right _or_ some part of the transaction relating to the breach of that right, must have occurred in the county where suit is brought. _Stone_

*Fort National Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674.

■ Maynard Hill contracted to furnish and deliver building materials. Plaintiff asserts a cause of action for breach thereof because of late delivery and delivery of defective materials. The evidence is that the materials were delivered late, in defective condition, and were delivered to the jobsite in Waco. Thus the contract was breached in Waco, and Subdivision 23 sustains venue in McLennan County. Contention 2 is overruled.

Contention 4 is that plaintiff failed to prove Alenco a necessary party within the meaning of Subdivision 29a.

Subdivision 29a provides that when there are 2 or more defendants in a suit, and such suit is lawfully maintainable in the county of suit against any of such defendants, then such suit may be maintained against all necessary parties.

■ There is no pleading or evidence of any contract between Alenco and plaintiff (or Trippett). In any event plaintiff can obtain full relief in his suit against Maynard Hill, and Alenco is thus not a necessary party within the meaning of Subdivision 29a, and is entitled to be sued in the county of its residence. *Skeen v. Mouser,* Tex.Civ.App. (Waco) NWH, 530 S.W.2d 918; *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758. *B & C Construction Co. v. Grain Handling Corp.,* Tex.Civ.App. (Amarillo) NWH, 521 S.W.2d 98.

Contention 4 is sustained.

The judgment is affirmed as to Maynard Hill, and reversed and rendered as to Alenco. Costs of appeal are taxed ½ each against plaintiff and Maynard Hill.

Affirmed in part.

Reversed and Rendered in part.