TEXAS AMERICAN OIL CORPORATION, Appellant,

v.

THEO H. BLUE DRILLING, INC., Appellee.

No. 6555.

Court of Civil Appeals of Texas, El Paso.

Feb. 9, 1977.

Rehearing Denied March 3, 1977.

Rassman, Gunter & Boldrick, James P. Boldrick, Midland, for appellant.

James McDonald, Crane, for appellee.

## OPINION

OSBORN, Justice.

This is a venue case involving a drilling contract. The trial court overruled the Ap-pellant's plea of privilege, and held that venue was properly established in Crane County under the provisions of Subdivision 5, art. 1995, Tex.Rev.Civ.Stat.Ann. We re-verse and order the case transferred to the District Court of Midland County, Texas.

The Appellee, as contractor, and the Ap-pellant, as owner, entered into a written contract for Appellee to drill an oil well in Crane County, Texas, for Appellant. Dur-ing the drilling operations, gas was encoun-tered and it blew out, and a resulting fire destroyed the drilling rig. Appellee alleged in its suit that the Appellant breached its contract by failing to provide a rotating assembly for a blowout preventer, as pro-vided for in Paragraph 26 of the contract. That paragraph of the contract provides:

"Owner Will Furnish The Following:

"All Water-Fresh and 10.0# Brine.

Cellar, Pits and reserve pit if they have to be shot with dynamite.

Line reserve pit if it is to be lined.

Rotating assembly for B.O.P. if needed.

Bradenhead to nipple up on surface cas-ing."

In order to maintain venue under Subdi-vision 5, art. 1995, Tex.Rev.Civ.Stat.Ann., it was necessary for the Appellee to prove an obligation in writing, the execution by the Appellant, and that the obligation is per-formable in the county of the suit. *MAC-PET v. Oil Field Maintenance Company,* 538 S.W.2d 240 (Tex.Civ.App., Corpus Christi 1976, no writ). In this case, there is no question about the execution of the writ-ten contract. The sole question is whether or not the obligation made the basis of the Appellee's suit is performable in Crane County, where suit was filed.

Since the 1935 amendment of Subdi-vision 5 of Article 1995, the Courts have recognized that venue under this subdivi-sion may not be fixed by implication. In *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610 (1948), the Court said:

"The intention of the Legislature in adding this amendment is obvious. Un-der Subsection 5 as it stood at the time of the amendment one might become a par-ty to a contract which by implication

obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication. In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform. This contract does not meet that test. It provides merely that the relator was to make payments to the named bank. Where such payments were to be made is not covered by the express language of the contract. * * * "

The Appellee contends that since under the terms of the written contract the well was to be drilled in Crane County, and since the rotating assembly was used in the drilling of the well, the only place the rotating assembly could be furnished was in Crane County, and, thus, venue is not fixed by implication but by the terms of the contract. A similar contention was made in *Hamilton v. Booher,* 124 S.W.2d 184 (Tex. Civ.App., Amarillo 1939, no writ), where suit was brought for damages for the alleged breach of a rental contract for land in Lubbock County. The Court, after noting that venue could not be fixed by implication, said:

"Appellee contends that the nature of the contract was such that it could not be performed in any county other than the one in which the land was located because it was for the breach of a contract to place him in possession of the land and that obviously the physical act of placing him in possession thereof could not be performed at any place other than upon the land itself, which was located in Lubbock County. We cannot agree to this contention. * * * "

■■ In this connection, it is important to note that venue under Subdivision 5 is not controlled by the place where the contract requires the Appellee to perform the drilling of the well, but by the place where

the contractual obligation sued upon requires the Appellant to perform. *Rogers v. Waters,* 262 S.W.2d 521 (Tex.Civ.App., San Antonio 1953, no writ); *Jeter-Millar Company v. Kasch Bros., Inc.,* 466 S.W.2d 598 (Tex.Civ.App., Eastland 1971, no writ); *Heath v. Gilbreath,* 536 S.W.2d 404 (Tex. Civ.App., El Paso 1976, no writ). The contract is silent as to the place that obligation is to be performed. Exhibit "A" to the drilling contract provides in paragraphs 5, 6, and 7 that certain machinery, equipment, tools, materials, supplies, instruments, services, and labor shall be provided at the well location. But that language was not used in Paragraph 26 of the contract, which was set forth above, and the only way to determine where the rotating assembly was to be furnished is by implication, just as the place for payment of the note in the *Saigh* case could only be fixed by implication.

In *Maynard Hill, Inc. v. Smith,* 534 S.W.2d 733 (Tex.Civ.App., Waco 1976, no writ), suit was filed to recover damages from a manufacturer who contracted to provide aluminum windows for the plaintiff's home which was being constructed in Waco. The written order which served as the basis for the suit stated the plaintiff's name and address and the location of his proposed residence as Waco, Texas. The order obligated the manufacturer "to furnish items as described." The appellate Court, in concluding that Subdivision 5 was not applicable, said:

"The contract executed by Maynard Hill does not *expressly* state that the windows and doors are to be delivered to Waco or McLennan County. It states that they are to be 'furnished' * * *. The contract is addressed to Mr. Harry Trippett in Waco, and recites 'Project: Smith Residence, Location: Waco, Texas', but nowhere *expressly* agrees to deliver the building materials to such project or to Waco. The only way Maynard Hill can be said to have agreed in the contract to deliver the materials to Waco would be by *implication,* and venue under subdivision 5, cannot be fixed by implication, *Bowden v. Murphy,* Tex.Civ. App. (Waco) NWH, 448 S.W.2d 183;

*Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610; *Thomas v. Oil Belt Supply Co.,* Tex.Civ.App. (Eastland) NWH, 375 S.W.2d 527; *Johnston v. Personius,* Tex. Civ.App. (San Antonio) NWH, 242 S.W.2d 471; *Williams v. James,* Tex.Civ.App. (Ft. Worth) NWH, 308 S.W.2d 528; *Harkness v. Employers National Ins. Co.,* Tex., 502 S.W.2d 670."

The statement of facts contains evidence that when the owner agreed to furnish those items listed in Paragraph 26, it agreed to pay for such items, and that it is customary in the industry when the contractor needs the special equipment listed, the contractor will call a service company designated by the owner to supply such equipment and have it delivered to the drill site and charged to the account of the owner. While that may well be the custom in the industry, we conclude that such testimony *is not controlling,* and that we are bound by the terms of the written contract. Even a glance at Exhibit "A" reflects that the parties did specifically provide that over 50 different items would be provided at the well location when they intended for one of them to do so. They did not use that language with regard to the equipment listed in Paragraph 26, and we conclude that the only way an obligation can be imposed upon the owner to provide such equipment at the well site in Crane County is to do so by implication. Thus, Subdivision 5 of Article 1995 is not applicable, and the Appellant's plea of privilege should be sustained.

The *order of the trial Court* overruling the Appellant's plea of privilege is reversed, and the case is ordered transferred to the District Court of Midland County, Texas.

PRESLAR, Chief Justice, dissenting.

I respectfully dissent and would affirm the judgment of the trial Court overruling the plea of privilege.

The majority has applied to this case the rule that venue cannot be fixed by implication under Subdivision 5. The writer is of the opinion that venue is fixed in this cause by the terms of the contract in writing. "By implication" is a broad, catch-all phrase, and innumerable cases can be cited upholding it where the facts do not in anywise comport with those of this case. This case meets the rule that the obligation sued on was the particular obligation the Defendant agreed to perform. *Heath v. Gilbreath,* 536 S.W.2d 404 (Tex.Civ.App., El Paso 1976, no writ). The Defendant was to furnish a rotating assembly; the suit was for the failure to furnish that rotating assembly. Where did he fail to furnish it? In Crane County, the County of suit. Subdivision 5 of art. 1995 provides:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Our contract provides: "Location of Well: County: Crane State: Texas." It further provides that the contractor and owner will each furnish certain items; among them, the contractor will furnish the drilling rig and he will furnish for it a blowout preventer, and the owner will furnish for that blowout preventer a rotating assembly. Our sole question is, where is that rotating assembly to be furnished under the terms of the contract? In essence, the contract provides that the Defendant/owner is to furnish a part of a drilling rig located in the county of suit; that is "by such writing" and not by implication. There can be no reading of the contract but that the place of furnishing is where the rig is located.

The cardinal rule of contract construction is to determine the intent of the parties, and I know of no rule that says a contract will be construed for venue purposes by different rules than for other purposes. There can be no question but that the intent of the parties to this contract was that the items to be furnished, including the rotating assembly, were to be furnished at the well location.

Items to be furnished by the owner appear in two separate lists, one by the print-

ed form and one added by typewriter. As to the equipment and materials to be furnished by the owner, the contract provides:

"The machinery, equipment, tools, materials, supplies, instruments, services and labor hereinafter listed, including any transportation required for such items, *shall be provided at the location* at the expense of owner unless otherwise noted hereon and otherwise provided for in Paragraph 7 hereof." (Emphasis supplied)

This is followed by a long list of items in printed form. In another section of the contract, listed as "Special Provisions" in the printed form, is a large blank space into which is typed the provision that the "Owner Will Furnish The Following:"

"All Water-Fresh and 10.0 # Brine.
Cellar, Pits and reserve pit if they have to be shot with dynamite.
Line reserve pit if it is to be lined.
Rotating assembly for B.O.P. if needed.
Bradenhead to nipple up on surface casing."

In other words, in addition to the printed items to be furnished, the parties added the above items. Thus, we have a contract which provides that the items to be furnished by each party are to be delivered to the well location, but no such provision was typed in as to these additional items which were added. The only possible reading of the contract is that all items are to be delivered to the well location, regardless of where they are placed in the contract. The contract viewed as a whole provides for the rotating assembly to be furnished at the well location.

"It is not necessary that the written obligation be spelled out in exact terms if the contract, viewed as a whole from its four corners, clearly shows that venue of performance lies in such county. *Tyson v. Seaport Grain, Inc.,* 388 S.W.2d 731 (Tex.Civ.App., Corpus Christi 1965, writ dism'd)."

*Burdette v. Cook Industries, Inc.,* 544 S.W.2d 495 (Tex.Civ.App., Corpus Christi 1976, no writ).

Subdivision 5 does not require that the place of performance be stated in the same sentence with the required act. This is a lengthy contract with many terms and provisions. It differs from the simple note of *Saigh v. Monteith,* cited by the majority, 147 Tex. 341, 215 S.W.2d 610 (1948). With a note, the normal thing is to place the place of performance with the obligation, that is, the promise to pay would be followed by the place of payment. Our contract has a requirement for performance by delivery of named items to the well location listed thereunder. It then has other items listed in another portion of the contract. I would construe them to be subject to the same requirement of delivery, regardless of their location in the contract. Subdivision 5 says only that the place of performance be "by such writing." "Such writing" is the contract—all of it. "By such writing," the furnishing is to be in Crane County, the place specified in the words of the contract as the place where the drilling rig and the blowout preventer were located. "By such writing," the Defendant is to furnish a part of a drilling rig located in Crane County.

I would affirm the judgment of the trial Court.