**316**

## GREEN PASTURES WATER CO., INC., Appellant,

### v.

### Ronald B. ZENT, Appellee.

### No. 8130.

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1978.

James R. Meyers, Austin, for appellant.

J. Scott Chafin, San Marcos, for appellee.

DIES, Chief Justice.

Defendant below, Green Pastures Water Company, Inc., appeals from an order denying its plea of privilege to be sued in the county of its domicile.

Plaintiff below, Ronald B. Zent, was a developer of a subdivision in Hays County, named "Brushy Creek Estates." On May 23, 1975, defendant, who supplied water to several subdivisions in the area, agreed to sell water to "purchasers of lots in Brushy Creek Estates, an unrecorded subdivision situated in Hays County, Texas, owned by Zent." In March 1976, a second agreement was entered, which purported to amend the May 1975 agreement, but which still obligated defendant to provide water service "to only those 49 lots presently comprising Brushy Creek Estates Subdivision."

When defendant failed to supply water to Brushy Creek, plaintiff filed suit in Hays County for specific performance of the agreement. Defendant filed a plea of privilege. Plaintiff filed a controverting affidavit claiming that the agreement required performance in Hays County, and therefore *Tex.Rev.Civ.Stat.Ann. art. 1995, § 5* (1964) was controlling. The trial court agreed.

The sole question before us is whether paragraph 7 of the May 1975 agreement * as modified by the March 1976 agreement obligates defendant to perform an obligation in Hays County. Defendant contends the contract provision (in the footnote) only

---

* "7. Water Company agrees to sell water to purchasers of lots in Brushy Creek Estates, an

unrecorded subdivision situated in Hays County, Texas, owned by Zent; provided, however,

obligates it to supply water to a pipeline system, built by plaintiff, and that the source of the water and at what location water was to be furnished is unspecified, and that the court cannot imply any obligation to perform in Hays County.

At the time of the contract in question, *Tex.Rev.Civ.Stat.Ann. art. 1995, § 5* (1964) read:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ The place of performance cannot be established by implication. See *Texas American Oil Corp. v. Theo. H. Blue Drilling, Inc.*, 547 S.W.2d 690 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.); *Maynard Hill, Inc. v. Smith*, 534 S.W.2d 733 (Tex.Civ.App.—Waco 1976, no writ).

But this " . . . does not necessarily mean that the county or place is to be designated by name or that the contract specifically, in so many words, require[s] a particular spelled-out obligation, but it is sufficient if when the contract is read from its four corners, it clearly shows that the venue of performance lies in such county." *Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731, 732 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd).

Defendant (appellant) relies on *Maynard Hill, Inc. v. Smith*, supra, which involved a contract that stated doors and windows were to be furnished. The top of the agreement read, "Project: Smith, Location: Waco." The Waco court noted that the

contract made no mention of delivery to Waco, but only stated that the materials were to be "furnished" and said:

"The only way Maynard Hill can be said to have agreed in the contract to deliver the materials to Waco would be by *implication*, and venue under subdivision 5, cannot be fixed by implication . . . ." *Id.* 736.

Doors and windows could without much difficulty be supplied at either purchaser's or seller's place, but it is difficult to see how water could be.

We conclude that the contract provisions quoted above obligate the defendant to deliver and sell the water in Hays County, and therefore affirm the order of the trial court.

AFFIRMED.

KEITH, Justice, dissenting.

As noted correctly in the majority opinion, " 'venue under subdivision 5, cannot be fixed by implication.' " That has been the uniform holding of our court since *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610, 611 (1948), following the 1935 statutory amendment to *Subdivision 5.*[1] Indeed, the holding in *Maynard Hill, Inc. v. Smith*, 534 S.W.2d 733, 736 (Tex.Civ.App.—Waco 1976, no writ), cited by the majority, enunciates clearly the correct rule that venue cannot be fixed by implication.

The contract which Zent sought to enforce did not obligate defendant to sell anything to Zent at any specified place. The original contract between the parties, set out in the footnote of the majority opinion, was modified by a subsequent agreement. In the amendment[2] it is clearly stated that

---

that sales shall be at prices comparable to sales of water in neighboring subdivisions at the time of the sale. Each individual customer shall be required to install at his cost a water meter. Zent agrees to install pipelines for the transmission of water, said installation to be built according to specifications approved by Water Company and such installation to be comparable to the installation in Rolling Hills Ranchettes Subdivision and Green Pastures Subdivision; such installations to be paid for by Zent.

Water Company's obligation hereunder is conditioned upon title to the completed pipeline being conveyed to Water Company."

1. See Acts of 1935, 44th Leg., p. 503, ch. 213, § 1, quoted in *Saigh*, supra.

2. The modification agreement of March 8, 1976, read in part:

    3(f). "Zent agrees to pay to Water Company a minimum monthly service charge in

Zent is to purchase the water, and defendant's only obligation is to furnish water for which plaintiff is to pay $300 per month. Read together, the contractual obligations are these: (1) plaintiff is required to build a pipeline to defendant's water source, the location of which is not shown to be in Hays County; (2) defendant is required to furnish water to that pipeline; and (3) plaintiff is obligated to pay defendant $300 per month for the water so supplied.

Under the rationale of *Harkness v. Employers National Ins. Co.*, 502 S.W.2d 670 (Tex.1973), venue under *Subdivision 5* "is not invoked unless the contract in writing expressly names the county of performance or a definite place therein." See also *Texas American Oil Corp. v. Theo. H. Blue Drilling, Inc.*, 547 S.W.2d 690 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.), wherein *Harkness* was followed by the majority while the dissenting justice followed *Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731, 736 (Tex.Civ. App.—Corpus Christi 1965, writ dism'd), cited in the majority opinion in this case.

I would follow *Harkness* and *Blue* and order a reversal of the judgment overruling the plea of privilege.

lieu of water revenue, in the amount of Three Hundred and No/100 Dollars ($300.00) per month, with payment to begin nine (9) months from the date of execution of this

instrument. This payment will continue until such time as water revenue from metered customers in Brushy Creek Estates shall exceed $300.00 per month."