**Jerry MILLER, d/b/a the Lemon Twist Club, Appellant,**

v.

**Al REINERT, Appellee.**

**No. 5537.**

Court of Civil Appeals of Texas, Waco.

Feb. 12, 1976.

Rehearing Denied March 18, 1976.

Randy Taylor, Dallas, for appellant.

Graves, Dougherty, Hearon, Moody & Garwood, R. James George, Jr., Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Miller from judgment sustaining defendant Reinert's plea of privilege in a libel case.

Plaintiff Jerry Miller d/b/a The Lemon Twist sued The Texas Monthly, Michael R. Levy its publisher, William Broyles its Editor, and Al Reinert in Dallas County alleging that plaintiff is the sole proprietor of a business known as "The Lemon Twist"; that the nature of such business is the selling of beer, wine and mixed drinks to the public; that defendant Texas Monthly in its December 1973 issue published an article written by defendant Reinert entitled "Hit Man" which purported to be an examination of the world of the contract killer; that the article identified The Lemon Twist as the place Stanley Cook, king of Texas hit men, had left on August 30, 1972 when he was murdered; that the article further said: "If you want to know about organized crime in Texas, you'll learn a lot more by going somewhere like The Lemon Twist Lounge in Dallas, and just hanging out for three hours". Plaintiff further alleged the article was circulated; was actionable per se; and damaged plaintiff $120,000. Plaintiff further alleged malice or gross negligence, and prayed for exemplary damages.

Service was obtained on defendants Texas Monthly, Levy and Broyles who filed pleas of privilege to be sued in Travis County. Plaintiff controverted, and such pleas of privilege were overruled by the trial court.

Thereafter service was obtained on defendant Reinert, who filed his plea of privilege to be sued in Harris County. Plaintiff controverted asserting venue maintainable in Dallas County under exception 29 and 29a Article 1995 VATS.

Trial was before the court which granted defendant Reinert's plea of privilege, and ordered the case as to Reinert transferred to Harris County.

Plaintiff appeals on 2 points contending:

1) The trial court erred in sustaining defendant Reinert's plea of privilege because plaintiff Miller properly carried his burden by plea and proof, of showing a cause of action under Subdivision 29, Article 1995 VATS, which allows plaintiff to maintain suit in the county in which he resided when the cause of action accrued.

2) The trial court erred in sustaining defendant Reinert's plea of privilege because plaintiff established venue in Dallas County as to codefendant Texas Monthly under subdivision 23 and/or 29 Article 1995, and therefore under subdivision 29a may maintain suit as to defendant Reinert because he is a necessary party.

The Texas Monthly in its December 1973 issue published an article called "HIT MAN", written by defendant Reinert. The article discussed organized crime, the Mafia, and "contract killers"; identifies Stanley Cook as king of the hit men; and relates that he was killed shortly after leaving the Lemon Twist Lounge. The article states: "If you really want to know about organized crime in Texas you'll learn a lot more [than you can from reports from the Attorney General and Department of Public Safety] by going somewhere like the Lemon Twist Lounge up in Dallas, and just hanging out for three hours".

Subdivision 1995 VATS provides "a suit for damages for libel or slander shall be brought, and can only be maintained in the county in which plaintiff resided at the time of the accrual of the cause of action, or in the county where defendant resided at the time of filing suit * * *.

Article 5430 VATS defines "A libel is a defamation expressed in printing or writing * * * tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury".

*Newspapers, Inc., v. Matthews*, 161 Tex. 284, 339 S.W.2d 890 holds that the libel of a business is not actionable; that the asserted libel must refer to some ascertained or ascertainable person and that person must be the plaintiff; that it is not necessary that the individual referred to be named, if those who knew and were acquainted with the plaintiff understand from reading the publication that it referred to the plaintiff.

In the case at bar the burden of proof was on the plaintiff. The article asserted to be libelous names only "The Lemon Twist" and "The Lemon Twist Lounge", and does not mention or name plaintiff. The trial court was authorized to refuse to believe plaintiff's name was so closely associated with the name of the business that the reference to the business necessarily is a reference to him. The trial court was authorized to hold as it did.

Point one is overruled.

Subdivision 29a provides that when there are 2 or more defendants in a suit, and such suit is lawfully maintainable in the county of suit against any of such defendants, then such suit may be maintained against all *necessary* parties thereto.

Plaintiff could obtain full relief in his suit against The Texas Monthly, Levy and Broyles. Thus defendant Reinert is not a necessary party within the meaning of Subdivision 29a, and is entitled to be sued in the county of his residence. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758; *Mims v. East Texas Production Credit Assn.*, CCA, Er. Dismd., 496 S.W.2d 682; *Skeen v. I. M. Mouser, CCA, NWH*, 530 S.W.2d 918.

Point 2 is overruled.

AFFIRMED.